Argued January 19, affirmed February 8, 1927.

## LILLIAN BURTON v. ABBETT TINNING & ROOFING CO.

(252 Pac. 973.)

**Negligence—Negligence as to Person Falling in Unlighted Walkway Used in Place of Business Held for Jury.**

1. In action for injuries to plaintiff from fall in defendant's place of business, evidence showing that fall occurred at place in walkway where there was a change of several inches in level of floors, and where defendants had previously maintained an inclined walkway, and evidence tending to show that plaintiff was familiar with condition as it had previously existed, and that walkway was poorly lighted, *held* sufficient to go to jury on question of defendant's negligence.

**Trial—Motions for Nonsuit or Directed Verdict Admit Truth of Plaintiff's Evidence and Inferences Deducible from It.**

2. A motion for nonsuit or directed verdict admits the truth of defendant's evidence and of every inference of fact which the jury may legally draw from it.

**Negligence—Invitee Held Entitled to Assume Passageway Would be Reasonably Safe.**

3. Plaintiff in an office where the public was entitled to transact their business with defendants had a right to assume that defendant would make passageway to office reasonably safe, or at least as safe as it was originally maintained.

Negligence, 29 Cyc., p. 455, n. 2, p. 517, n. 12, p. 641, n. 18.
Trial, 38 Cyc., p. 1553, n. 90.

From Multnomah: J. U. Campbell, Judge.

Department 1.

This is an action to recover damages for personal injuries, which plaintiff claims she sustained by reason of the negligence of defendant.

The material allegations of the complaint are as follows:

"That on the 30th day of June, 1921, plaintiff called at defendant's said place of business upon the

2.  See 26 R. C. L. 1075.
3.  See 20 R. C. L. 66.

business with the said defendant of the repair of a gas stove, and while the plaintiff was in said place of business for said purpose, the defendant was guilty of carelessness and negligence by and through which plaintiff sustained injuries and hereinafter alleged and that said carelessness and negligence of the said defendant consisted of the following:

"That from the entrance to said building back to the office of the said defendant, was a perpendicular drop and fall in the floor by which the floor in the front part of the building was about eight or ten inches higher than the floor in the back part of said building, and that prior to plaintiff's injury the defendant had constructed a walkway from the high floor to the lower floor and in the passageway from the door to defendant's office; that on the date of plaintiff's injury said walkway had been removed, and defendant maintained no planks, boards, walkway, steps or other like appliances in said passageway from the front of said building to said office and on the date and at the time of plaintiff's injury, used and occupied said premises in the conduct of said business, and said passageway from the entrance of said building back to said office, with said perpendicular drop in said floor and without any walk, boards, steps or other like appliances running from the high floor to the lower floor.

"That defendant was further negligent and careless in that defendant's agent or employee, namely, Mrs. W. S. Abbett, was at the time of said injuries hereinafter alleged, in charge of said office and of said business and building and saw the plaintiff in the front of said store and knew that plaintiff was coming back to said office and in returning had to pass over said perpendicular drop, and gave the plaintiff no notice, warning or caution respecting the same.

"That at the time and place of plaintiff's injury said place was dark and defendant maintained no light or railing, at said place where the front floor joined to the back floor and said perpendicular drop existed.

"That by reason of the aforesaid negligence and carelessness of the defendant, the plaintiff in attempting to pass from the front of said building to the office and without knowledge of said perpendicular drop and without any notice or warning thereof from the defendant, its officers or agents, and while believing that said floor was level, stepped suddenly from said upper floor into said perpendicular drop and was thrown with great force and violence thereby upon said lower floor and was damaged and injured as hereinafter alleged."

These allegations were put in issue by appropriate pleadings. The trial resulted in a verdict and judgment for plaintiff in the sum of $1,000, from which judgment the defendant appeals to this court.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Davis & Farrell* and *Mr. Clarence H. Gilbert,* with an oral argument by *Mr. Paul R. Harris.*

For respondent there was a brief and oral argument by *Mr. Henry S. Westbrook.*

McBRIDE, J.—1. The evidence of the plaintiff tended to show that the premises of defendant were situated on Union Avenue in the City of Portland and entered by two large folding doors and that from these folding doors to the left or south was the office of the defendant, and the passageway through the folding doors back about fifteen or twenty feet to the office. This was the main passageway used by the public and employees in going to and from the office. The testimony of the plaintiff also tended to show that there was in this passageway, from the front of the building to the office, a perpendicular drop from a high floor to the lower floor, which she claims was

about eight or ten inches, but it was also claimed that there was an incline or walkway about three or four feet long and about two feet wide leading from the top of the drop down to the level of the lower floor, thereby making an inclined walkway.

Plaintiff testified that she had visited the shop on several occasions, was acquainted with the premises and had always found the walkway there; that she had visited the shop with her husband, who had gone down this narrow passageway into the shop on the lower floor, which was also the business office of the defendant, and that on all previous occasions this walkway had been there and she had seen it·frequently. About two weeks previous to the accident, a stove had been left in the shop to be repaired and the plaintiff, on the occasion of the accident, had called to inquire whether the repairs had been made. She further testified that her previous visits had been on rather bright days when presumably the hall leading from the front of the entrance of the office received enough light so that she could see quite clearly down the hall, but at the date in question it was a dark day and while there were windows in the hall, they were dirty and covered with tin in some places rendering the hallway much darker than usual. Relying upon what she had observed on previous visits, she walked down the hallway, after having called and found Mrs. Abbett the president of the company in the office, and when she came to the place where the incline had previously been, it had been removed, whereby she stepped down without the knowledge of that fact and was injured.

There are some contradictions in the testimony as to the amount of light in the hallway and as to the height of the drop. The plaintiffs' testimony put it

from eight to ten inches and defendant's testimony confined it to about three inches; but there is no question whatever that there was a drop there and that by reason of plaintiff having stepped down not apprehending that the incline had been removed, and, relying upon her observations theretofore, she fell and was injured.

2. It is claimed that there was some contributory negligence on plaintiff's part in not more carefully inspecting the hall and observing the changed condition as to the drop and the absence of the incline, and that the court should have directed a nonsuit. We do not so view the circumstances. Whether plaintiff had a right to rely upon her previous observations and upon what she alleged to be a uniform fact, that the incline had always been there and that she was justified in assuming that it was there at the time she made this last visit, was a question of fact for the jury.

"A motion for a nonsuit * * (or for a directed verdict) admits the truth of plaintiff's evidence and of every inference of fact which the jury may legally draw from it." *Jackson* v. *Sumpter Valley Ry. Co.*, 50 Or. 455, 464 (93 Pac. 356, 359).

Considering all the circumstances, we think the question as to whether plaintiff exercised reasonable care to avoid the injury was a question of fact for the jury and not a question of law for the court, and the motion for a nonsuit was properly overruled.

It is claimed that the physical facts, in regard to the amount of light and the opportunities for observation, contradicted plaintiff's testimony and show that she, as a matter of fact, could easily have seen the drop and taken the necessary precautions to have avoided the accident, but the facts themselves are in

dispute and because she had been able to see the condition of the premises on all other occasions and under different opportunities in regard to the light, and that at another time and under different conditions of light she should be held to also have been able to have made the same observations, it does not follow that these facts should be held to contradict her testimony.

3. In addition to this, it is shown that this office was a place where the public were invited to come to transact their business and she had a right to assume that the defendant would make the passageway to their office reasonably safe, at least as safe as the testimony indicates defendant had been accustomed to up to a short time previous to the accident. It is needless to recount all the testimony in the case, but we think that there was sufficient evidence to take it to the jury, and this being the only serious objection to the rulings of the court, the judgment will be affirmed.                                          AFFIRMED.

BURNETT, C. J., and RAND and COSHOW, JJ., concur.