## ISAAC BENESCH & SONS, INCORPORATED, *v.* IDA MAY FERKLER.

*Negligence—Slippery Floor in Store—Personal Injuries— Opinion.*

In an action for personal injuries, plaintiff's attending physician could properly express his opinion that the probable effect of the injuries would be to. leave plaintiff in a nervous condition, and lessen her ability to perform her household duties, the value of such opinion being subject to test on cross-examination.                                        p. 682

An allegation that plaintiff slipped and fell in defendant's store because the floor had been freshly oiled and defendant failed to allow sufficient time for the drying of the oil was supported by plaintiff's evidence that the floor looked "mucky and smeary, like an oiled floor would be where the oil was not

dried," and that "the oily condition of the floor" caused her
to fall.                                                    p. 684

In an action for personal injuries to a customer in defend-
ant's store, alleged to have been caused by her slipping on a
floor which had been oiled and the oil on which had not dried,
*held* that the question of defendant's negligence was for the jury.
                                                            p. 684

In an action for personal injuries *held* that there was suffi-
cient evidence to show that the injuries were permanent.
                                                        pp. 684, 685

*Decided December 7th, 1927.*


Appeal from the Court of Common Pleas of Baltimore
City (O'DUNNE, J.).


Action by Ida May Ferkler against Isaac Benesch & Sons,
Incorporated. From a judgment for plaintiff in the sum of
five hundred dollars, defendant appeals. Affirmed.


The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.


*L. Wethered Barroll* and *Fendall Marbury,* with whom
was *William L. Marbury* on the brief, for the appellant.


*T. Lyde Mason, Jr.,* for the appellee.


SLOAN, J., delivered the opinion of the Court.

Isaac Benesch & Sons, Inc., the appellant, conducts a de-
partment and general merchandise store on Gay Street in
Baltimore, of which the appellee, Ida May Ferkler, had been
a customer for thirty years. On November 30th, 1925, the
appellee had been at the store, which was very well known
to her. She had made her purchases and was on her way out.
Just as she was turning from a cross aisle into the right
aisle leading to the exit, she slipped and fell, sustaining
painful injuries, serious enough to keep her in bed for five
weeks and to cause her, according to the testimony of herself

and members of her family, pain and nervousness to and until the trial, sixteen months after the accident. The appellee testified that, immediately after the fall and before she was lifted and taken to a rest room in the store, she saw that the floor was "dark and mucky and smeary, like an oiled floor would be where the oil was not dried" and that "the oily condition of the floor" caused her to fall. In answer to a question of the court, "Well, it might have been stained that color," the appellee said, "No, it was oiled. My gloves and everything was full of it." From a verdict and judgment for the plaintiff (appellee), the defendant appeals.

There are three exceptions, two to the evidence and one to the granting of the plaintiff's three prayers, the overruling of special exceptions to each of them, and to the refusal of the defendant's A, first, second, third, fourth, eighth, ninth and tenth prayers.

The first exception was to a question to Dr. Hemmeter, the attending physician, as to the probable effect of the injuries testified to on the nervous condition of the appellee and on her ability to perform her household duties, the answers to which were that they would leave her in a nervous condition and lessen her ability to perform her household duties. These were opinions, apparently, from the evidence, based on the personal observation of the attending physician, the value of his opinion to be tested on cross-examination (*Jones v. Collins,* 94 Md. 403; *Mitchell v. Slye,* 143 Md. 418, 427), and the appellant's objections to the questions asked Dr. Hemmeter were properly overruled.

The appellant's A prayer is a variance prayer, wherein it is stated that the proof does not measure up to the allegation of the declaration that the plaintiff "was caused to slip and fall due to the floor having been freshly oiled and the failure of the said defendant to allow sufficient time to elapse for the proper drying of the oil that had been placed thereon." The testimony of the appellee herein quoted substantially agrees with the allegation; in fact, she proved a stronger state of facts than she alleged.

The appellant's first and second prayers asked for a

directed verdict because of lack of evidence of negligence, and likewise the third, because of the "undisputed evidence" of plaintiff's contributory negligence.

This court, in *Kann v. Meyer,* 88 Md. 541, 549, quoted with approval from *Cooley on Torts,* 718: "If one expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit." See note to 33 *A. L. R.* 181.

"Whether a woman who, while in a shop where she had no reason to apprehend danger, keeps her eyes fixed upon articles which are put on exhibition to attract purchasers, rather than upon the floor in search of pitfalls, uses the ordinary caution and vigilance which persons of reasonable prudence would be expected to use under the circumstances, is a question of fact for the jury, and not of law for the courts." *Hendricken v. Meadows,* 154 Mass. 601; *Langley v. Woolworth Co.,* 47 R. I. 165; *Brown v. Stevens,* 136 Mich. 311; *Burton v. Abbett Co.,* 120 Ore. 536.

"The question of ordinary care on the part of the party injured is not to be determined in an abstract way, but relatively, as it may be connected with, and dependent upon, the duty and obligation of the defendant." *Balto. & O. R. Co. v. Davis,* 152 Md. 438.

Applying these authorities to the facts as testified to, there can be no other conclusion than that the case should have been submitted to the jury.

The defendant's fourth, fifth, sixth, seventh and eleventh prayers submitted to the jury the questions of the contributory negligence of the plaintiff, the burden of proof, and the duties of the respective parties. The rejected eighth, ninth and tenth were simply repetitions of elements contained in other granted prayers which fairly presented the defendant's case to the jury, and we find no error in the court's rulings on the defendant's prayers.

The plaintiff's (appellee's) first prayer contained a recital

of the facts testified to upon which she relied for a recovery, and submitted the appellant's contention of contributory negligence as favorably as did its prayers. To this prayer the appellant specially excepted on the ground that there was no legally sufficient evidence "that said floor had been oiled, and that the said oil applied to the floor was not dry at the time of the plaintiff's said injury." The court overruled this exception for the reason that the appellee had testified that immediately after she fell the floor looked "dark and mucky and smeary, like an oiled floor would be where the oil was not dried," and that this is what caused her to fall. These were facts from which the jury might conclude that the appellant had been negligent. It was not the mere fact that the floor was oiled and the appellee fell that entitled her to recover; it was the condition in which the floor was left as a result of the oiling that was submitted to the jury, and took it out of the rule laid down in the case of *Spickernagle v. Woolworth*, 236 Pa. 496, so strongly urged by the appellant.

The plaintiff's second prayer was specially excepted to and the exception overruled. This is substantially the plaintiff's third prayer in *Hochschild, Kohn & Co. v. Cecil*, 131 Md. 70. Adopting what Judge Pattison said in that case at pages 77 and 78, there can be no other conclusion than that the ruling of the trial court on this prayer was correct.

The appellee's third prayer is a damage prayer, to which there was a special exception on the ground that there was no legally sufficient evidence to show that "the injuries complained of will be permanent in their effect." In the case of *Howard County v. Pindell*, 119 Md. 69, wherein the evidence was not unlike that in the instant case, the court said that "if the jury found there had been an injury, the question 'whether the same was in its nature permanent and how far, if at all, it was calculated to disable her from engaging in employment for which, in the absence of such injury, she would have been qualified' was properly left to the finding of the jury. The verdict in the case was not excessive, and the defendant could not have been injured by the granting of

this prayer." And the court said in that case, as we find in this case, that "the court could not say under the evidence in the case as a matter of law, that there was no evidence of permanent injury." See also *Gordon v. Opalecky,* 152 Md. 536.

For the reasons herein given, the judgment will be affirmed, with costs.

*Judgment affirmed, with costs.*