## SALLY GRZBOSKI *v.* BERNHEIMER-LEADER STORES.
[No. 30, October Term, 1928.]

*Decided December 7th, 1928.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Sloan, JJ.

*Lewis W. Lake,* with whom was *Samuel Greenfeld* on the brief, for the appellant.

*Fendall Marbury,* with whom were *William L. Marbury* and *L. Wethered Barroll* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

This appeal is by a plaintiff, in a suit for damages for personal injury, from a judgment for the defendant upon a verdict directed by the court at the close of the plaintiff's evidence in chief. The defendant kept a department store in Baltimore City, and the plaintiff alleged and testified that, while passing from one department to another in making purchases, she slipped on pieces of orange peel in a small pile of rubbish in the aisle, and was injured by a fall. She was the only witness produced on the fact of the fall, and her testimony was somewhat indefinite, but we think a jury might find these facts testified to: She slipped close to one side of the aisle, and when she was helped up and given a seat she noticed at the spot a small pile of dirt, paper and the like, with pieces of orange peel about it, and the pile had the appearance of having been swept up for subsequent removal. The pile was small, for a salesgirl afterwards kicked it under the counter with her foot. It was on the orange peel that the plaintiff slipped, and the floor showed a wet spot from the slipping. She had not seen it before her fall, as she was not looking at the floor, and after her fall the pile was scattered a little, and she did not know in what part of it the orange peel had been.

There are two groups of exceptions presented, one of exceptions to the exclusion of testimony by the plaintiff of a salesgirl's supposed remark after the accident as to the pile of dirt and the cause of its being there, and the second to the instruction of a verdict for the defendant.

The exclusion of the testimony of the supposed remark of the salesgirl we find correct because there is nothing to re-

lieve it of incompetency as heresay. The remark to be reproduced was no more than a narration of past facts, the salesgirl is not a party defendant whose admission would be competent, and it was not within the scope of her agency for the defendant to talk for it, except in connection with making her sales and whatever else her duties may have included; and the remarks offered here were not so connected with her work, and would not bind the employer any more than if made by a stranger. *Noel Construction Co. v. Armored Concrete Co.,* 120 Md. 237, 245; *Pinkerton v. Slocomb,* 126 Md. 665, 673; *Balto. & O R. Co. v. State use of Allison,* 62 Md. 479, 482; *Garth v. Howard,* 8 Bing, 451; 7 *Labatt, Master and Servant,* secs. 2535 and 2549.

On the propriety of directing a verdict for the defendant, the conclusion of this court has differed from that of the trial court. The testimony that a pile of dirt at the place of the fall had the appearance of having been swept up, is less than a direct statement that it had been swept up, perhaps, yet this appearance, in contradistinction to the appearance of untouched rubbish, seems to this court to be a sufficiently clear, definite indication of the fact to support the inference that the pile had been swept up, and swept up by an employee of the store, for none but employees sweep up store aisles. It would still be possible, and consistent with such a finding, that the orange peel might have been dropped on the pile by a customer subsequently, without the knowledge of the employee who swept it up, but it seems to this court that the probability would be that any such thing on or in a small gathering of rubbish at that one spot would itself have been gathered or swept there, a probability so strong that practical men would regularly take it as establishing the fact. And such a probability would be proper basis for a finding of fact. "In mere civil disputes, where no violation of the law is in question, and no legal presumption operates in favor of either party, the preponderance of probability, due regard being had to the burden of proof, may constitute sufficient ground for a verdict. *Balto. & O. R. Co. v. Shipley,* 39 Md., 251, 257.

From the evidence given in the case so far, therefore, it seems to this court that the jury might reasonably conclude that the presence of the orange peel in the aisle was known to employees of the defendant, and, further, that some one of them arranged it as it was. Whether doing so indicates negligence on the part of the employee, whether small pieces of orange peel so placed should be considered likely to cause injury, so that a reasonably careful man would have avoided leaving them there as they were, we regard as a question for the jury. The court could not say it was not negligent to do so and, on the other hand, we think this court could not say that the evidence shows beyond reasonable controversy that the plaintiff herself was guilty of negligence in failing to see and avoid the orange peel. That, too, we consider a question for the jury.

*Judgment reversed, and a new trial awarded, with costs to the appellant.*