Helen Kirchoff, Plaintiff-Appellant, v. Tzinberg's Park "N" Shop Food Stores, Inc., Defendant-Appellee.

Term No. 55–M–13.

Fourth District.

October 3, 1955.

Released for publication October 24, 1955.

Middleton & Phillips, of East St. Louis, for plaintiff-appellant.

Pope & Driemeyer, of East St. Louis, for defendant-appellee; Frank M. Rain, of East St. Louis, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the City Court of East St. Louis, Illinois, allowing a motion for a directed verdict and entering judgment in favor of defendant, Tzinberg's Park "N" Shop Food Stores, Inc., a corporation, and as against the plaintiff, Helen Kirchoff.

An action for damages alleging negligence of defendant in the operating and managing of a grocery store was instituted by plaintiff in which she alleged that she was injured by glass shot into the top of her foot by an exploding bottle of root beer which had been mishandled. The complaint consists of two counts, the first of which did not allege any specific negligence. At the close of the evidence for the plaintiff the Court directed a verdict as to the first count of the complaint which alleged no specific negligence but which was apparently predicated on a res ipsa loquitur theory. The Court reserved ruling on the motion for directed verdict as to count two, and defendant went forward and introduced evidence. At the close of all the evidence defendant again moved for a directed verdict as

to count two, but the Court again reserved its ruling and permitted the case to go to the jury on count two. The jury returned a verdict in favor of plaintiff in the amount of $1500, but the Court thereafter allowed the motion for directed verdict and entered judgment in favor of defendant and as against plaintiff.

The evidence in the case disclosed that cartons of soda were stacked one on top of the other against a wall, extending onto the floor of the store about three feet deep for a space of about nine feet along the wall. The soda was stacked up in six-bottle cartons about four or five feet high. A lady (other than plaintiff) reached for the soda, got her carton off, and when she came down with the carton it brushed a carton below it which carton in turn came down and struck a quart bottle of root beer. When the quart bottle of root beer which was in a carton on the floor was struck by the carton full of soda, it burst, and a piece of glass flew and cut the plaintiff on the foot.

██ It is apparent from the record in this cause that count one failed to state a cause of action in that it did not state any fact showing a failure of defendant to perform a duty proximately resulting in the injury (Overstreet v. Illinois Power & Light Corp., 356 Ill. 378, 383). In any event the res ipsa loquitur doctrine could not be applied in the case before us since there was direct evidence of the cause of the occurrence complained of as recited in the statement of facts (Jackson v. 919 Corp., 344 Ill. App. 519, 528; Pennsylvania Co. v. Roberts & Schaefer Co., 250 Ill. App. 330, 339).

██ As to count two of the complaint the allegation that defendant mishandled the root beer, or that the root beer was stacked at an excessive height, or that the root beer was in a defective bottle, and other specific charges, was not sustained by the record. Defendant was not an insurer of the safety of plaintiff simply because she was on the premises as a business

invitee. Defendant was required to exercise ordinary care for its customers. Viewing the evidence in its most favorable light for the plaintiff we must conclude that there was a failure to prove any of the charges of negligence contained in count two which could sustain a verdict (Brady v. Southern Ry. Co., 320 U. S. 476). Under the record before us the Trial Court properly allowed the motion for a directed verdict as to count two made at the close of all the evidence.

▇ In view of our conclusion it is not necessary that we discuss other matters urged on appeal in this cause other than to observe that the action of the Trial Court in denying the motion for new trial predicated on what is described as "newly discovered evidence" was proper, particularly since the evidence was cumulative and could not produce a different verdict or establish facts showing negligence on part of defendant under the allegations of count two of the complaint.

The judgment of the City Court of East St. Louis will, therefore, be affirmed.

Affirmed.

BARDENS, P. J. and SCHEINEMAN, J., concur.