**Melvin C. Foster, Plaintiff-Appellant, v. Union Starch & Refining Co., and Terminal Railroad Association of St. Louis, Defendants-Appellees.**

### Term No. 56–F–1.

Fourth District.

May 26, 1956.

Rehearing denied October 25, 1956.

Released for publication October 26, 1956.

Dougherty & O'Connell, of East St. Louis, for plaintiff-appellant; John F. O'Connell, of East St. Louis, of counsel.

Kramer, Campbell, Costello & Wiechert, of East St. Louis, for Terminal Railroad Association of St. Louis, defendant-appellee; John C. Roberts, and R. E. Costello, Jr., both of East St. Louis, of counsel; Pope and Driemeyer, of East St. Louis, for Union Starch & Refining Co., defendant-appellee; Frank M. Rain, of East St. Louis, of counsel.

JUSTICE SCHEINEMAN delivered the opinion of the court.

Melvin C. Foster, the plaintiff, was injured while working for the defendant, Terminal Railroad Association of St. Louis, switching cars within the premises of the defendant, Union Starch & Refining Co. The jury returned a verdict against said Starch Co. in the amount of $15,000 and found the Railroad Association not guilty. The trial court then entered judgment

on the verdict as to the Railroad Association, but, on motion of the defendant, Starch Co., entered judgment notwithstanding the verdict in its favor, or, in the alternative, granted a new trial to this defendant.

The plaintiff is now appealing against both defendants, contending as against the Starch Co. that the case presented a jury question, that the facts were such as to come within the doctrine of res ipsa loquitur, and that the trial court was in error in granting a judgment notwithstanding the verdict, or in the alternative a new trial. As against the Railroad Association, plaintiff contends that an instruction given by said defendant so misstated the law that the jury had no alternative but to render a verdict against the manifest weight of the evidence, and that the trial court was in error in not granting plaintiff's motion for a new trial.

Consideration of the case against the Starch Co. requires a review of the testimony. Plaintiff testified that, on the afternoon in question he was engaged in switching loaded cars from this defendant's dock and replacing them with empties. While riding on the rear stirrup of a car loaded, or partially loaded, with the defendant's products, he heard a rumbling sound above him, continuous for a few seconds as if something were rolling or falling, then an object struck him on the head and shoulder, causing the injury complained of.

The object was identified and introduced in evidence. It is described as a pinch bar, made of hexagonal steel, variously estimated as between 3 and 4 feet long, and an inch in diameter, one end turned at an angle of 45 degrees and flattened, and the other end turned slightly and tapered. (By actual measurement, the bar is 42 inches long.)

The car in question had come onto the premises the prior morning empty and had been loaded by this defendant. Several witnesses for plaintiff testified that the bar in evidence was the same as those used by this defendant in moving drums of glucose in the plant, on

348

the loading dock, and in cars to wedge them closer together, and the Starch Company used such bars in varying lengths. Sometimes they were used to pry open a car door. Several witnesses for this defendant denied that this type of bar was used by the company. One of them, a blacksmith who made the bars for this defendant from hexagonal stock, testified that all this company's bars were longer, and he had never made a bar like the one in evidence.

On cross-examination, this witness conceded that he made bars to order in lengths of 4, 4½ and 5 feet, and that sometimes bars are reground after use, that this bar had been in use for some time. He made them of hexagonal steel with one end turned at an angle of 45 degrees and flattened, and the other end turned and tapered.

Witnesses for the railroad testified that their company also used bars, but of shorter length, about 30 inches, and a long bar of ½ inch stock; that they never used a bar like the one in evidence. Counsel for defendant Starch Co. quote a railroad witness as saying: "We have bars similar to that. We have used bars similar to that." This quote is lifted from the following context: "I have never seen a bar like Plaintiff's Exhibit 1 on Terminal Property. We don't use that type of bar. . . . I have never seen that type of bar that heavy and that diameter. We have bars similar to that. They don't use that type of bar. I have never seen it. We have used bars similar to that."

Another witness testified he had formerly worked for defendant Starch Co., and had seen bars similar to Plaintiff's Exhibit 1 in this company's premises, and later he worked in the blacksmith shop and had worked on pinch bars 4 or 5 feet long, also smaller ones, 2 to 2½ feet.

No attempt is here made to refer to all witnesses who testified about the type of bars in use. It suffices

349

to say that the testimony on this subject is highly conflicting.

The argument of plaintiff and of defendant Starch Co. is largely an elaborate discussion of the law of res ipsa loquitur. Plaintiff, however, also discusses the circumstantial evidence in the case and cites decisions which make no reference to res ipsa, such as Lindroth v. Walgreen Co., 407 Ill. 121, Lavender v. Kurn, 327 U. S. 645, 90 L. Ed. 916, 66 Sup. Ct. 740. Reference is also made to the rule that custody and control may be proved by circumstantial evidence. The argument of defendant Starch Co. practically ignores all the circumstantial evidence and emphasizes the rule of res ipsa loquitur.

Any research into res ipsa loquitur will disclose that there is a great deal of confusion of thought in this field, some of it engendered by the alacrity with which courts seize upon a name as a tag for some proposition, with resultant loss of logic. On the other hand, many courts have striven to enunciate a logical distinction between this principle and ordinary cases of circumstantial evidence. This is a difficult and precarious task, because of the infinite varieties of cases which arise, and do not clearly fall into either arm of the supposed distinction. In Michigan it has been held that there is no separable principle of res ipsa loquitur and its existence is denied. Ballance v. Dunnington, 241 Mich. 383, 217 N. W. 329, 57 A. L. R. 262. In New York it is said to be but a part of the rules of circumstantial evidence. Marceau v. Rutland R. Co., 211 N. Y. 203, 105 N. E. 206, 51 L. R. A. (N. S.) 1221.

We believe there is an appropriate, but narrow, field for the doctrine of res ipsa loquitur, that the instant case does not fall in that field and can be demonstrated to be a case of circumstantial evidence. This evidence presents two questions: (1) does the evidence prove or tend to prove that somebody was negligent? (2) does

the evidence point with a reasonable degree of probity to the guilty party?

The first question is the easier. Since the bar has no means of self-locomotion, it must have attained its position through a human agency which did not thereupon remove it. The vibration, bumping, and swaying of the car in subsequent movement is certain to dislodge it, unless sooner removed. And surely it is reasonably foreseeable that in falling there is likelihood that it will strike someone, or cause a train wreck, or other damage. From these circumstances and foreseeability of consequences, it is our opinion that there is substantial proof of negligence on the part of someone.

Of course, this might be regarded as saying that the position of the bar "speaks for itself." We have no objection to such a statement, provided it is not translated into Latin to attach a bevy of attendant rules not logically applicable. For example, the rule sometimes applied is that res ipsa loquitur is not evidence, but merely raises a presumption. Here we have more than a presumption, we have evidence of negligence. As is often the case with circumstantial evidence, it speaks as persuasively as an eyewitness. And this evidence of how the accident occurred is, according to some cases, sufficient to remove the case from the principle of res ipsa loquitur. Pennsylvania Co. v. Roberts & Schaefer Co., 250 Ill. App. 330, 339; Kirchoff v. Tzinberg's Park "N" Shop Food Stores, Inc., 7 Ill.App.2d 201.

Since these citations are taken from defendant's brief, it is necessary to add that we regard the disposition of the remaining question as decisive of the case, and that the inapplicability of res ipsa loquitur is not the conclusive factor. Surely, there is little logic or justice in concluding that a case should be thrown out of court merely because a plaintiff has gone further

351

than to raise a presumption of negligence, by evidence which proves or tends to prove it existed in fact.

██ The answer to the second question is by no means free from doubt. Probably bars of the general type here involved are in wide use, so that its mere presence on a boxcar does not point to any particular person as its owner, or as having been in control of it. The testimony indicates that the defendant railroad used bars of the general type called pinch bars, but never used one like this. There is no evidence to the contrary. This must be regarded as eliminating the railroad.

██ As to defendant Starch Co., it has been previously noted that the testimony is highly conflicting, but there is the testimony of several witnesses that this defendant used bars *like* the one in evidence, that they had been seen, and there were descriptions which also fit this bar with nicety.

Standing alone, this would be a very weak case. But there are other circumstances in evidence. The car in question had been moved into the premises from outside the previous day, which is some indication the bar was not on the car then, for it did not fall off in that movement. Between that occasion and its movement the next day, the car was at the loading dock and was being loaded by this defendant's employees. On the next movement of the car, which was to switch it from the position adjacent to the dock to the next parallel track, the bar falls, and, according to substantial evidence, it is a bar like those used by this defendant.

We have concluded that the circumstances thus disclosed, do point to this defendant's employees as the ones who are responsible for leaving the bar in that position. There are, of course, other possibilities which cannot be excluded with certainty. Under this condition, it is the law of this state that a jury question is presented, since it is only necessary that the conclusion

arrived at by the jury be based on an inference that is itself reasonable under the facts.

"A verdict may not be set aside merely because the jury could have drawn different inferences or because judges feel that other conclusions than the one drawn would be more reasonable." Lindroth v. Walgreen Co., 407 Ill. 121. A plaintiff is not required to prove his case beyond a reasonable doubt or exclude every hypothesis suggesting a cause other than negligence. Heimsoth v. Falstaff Brewing Corp., 1 Ill.App.2d 28. "Circumstantial evidence is the proof of certain facts and circumstances in a given case from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind. . . . A greater or less probability, leading on the whole, to a satisfactory conclusion, is all that can reasonably be required to establish controverted facts." Devine v. Delano, 272 Ill. 166.

In holding that the evidence in this case affords a reasonable basis for the inference supporting the conclusion of the jury, we must necessarily find that the trial court was in error in granting the motion of defendant Starch Co. for judgment notwithstanding the verdict.

It is interesting to note that the trial court first denied said defendant's motions for directed verdict at the close of plaintiff's case and at the close of all the evidence on the grounds that the case presented a question of fact to be submitted to the jury. Then, subsequently, the court allowed said defendant's motion for judgment notwithstanding the verdict, on the grounds that the res ipsa loquitur rule was not complied with in that control and custody of the pinch bar was not *clearly* shown to be in the defendant. It is our opinion that the res ipsa loquitur rule confused the real issue and led to the error of the trial court in granting the motion on the stated ground "the evidence

353

must clearly show that the exclusive control and management of the instrument" was in this defendant.

Since no other reason was advanced by the trial judge for granting the motion for new trial, and no reversible error appears in the proceedings, that order will likewise be reversed.

■ As to the judgment on the verdict for the defendant railroad, the whole argument of the plaintiff concerns the propriety of an instruction given at the request of the defendant concerning the duty of a master to inspect places of work, etc. In plaintiff's motion for a new trial as to this defendant, he neither specified the instruction nor the grounds of his objection. Paragraph 190, Chapter 110, Illinois Revised Statutes, 1953, required that the grounds be set forth with particularity in the motion for new trial. Failure to do so has frequently been held to constitute a waiver of the point on appeal. Three cases on this subject as to objections to instructions are: Rudolph v. City of Chicago, 2 Ill.App.2d 370; Krug v. Armour & Co., 335 Ill. App. 222; Pajak v. Mamsch, 338 Ill. App. 337. While there are other cases to the contrary, we are of the opinion that the reasoning given in the cited cases justifies the rule therein announced. The modern practice and procedure is designed to require both parties to disclose their claims and defenses and to conduct the contest in the open. Nearly all of the old common-law rules which permitted a party to conceal something and spring it as a surprise have been abolished. We, therefore, hold that the objection to instructions in this case is not available for review in this court.

Accordingly, the judgment for the defendant railroad is affirmed, and the order setting aside the verdict of the jury or in the alternative granting a new trial as to defendant Starch Company is reversed and judgment entered here on the verdict.

Affirmed in part and reversed in part.

BARDENS, P. J. and CULBERTSON, J., concur.