Carl Beckstrom, Appellee, v. Montgomery Ward & Co., Inc., Appellant.

Gen. No. 47,512.

First District, First Division.
February 9, 1959.
Rehearing denied March 3, 1959.
Released for publication March 3, 1959.

353

354

Charles J. Barnhill, David L. Dickson, William L. Niemann, of Chicago, for defendant-appellant.

Barrett and Campbell, of Chicago, for plaintiff-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a judgment on verdict for $7500 in a personal injury suit. Defendant operates a store in Chicago Heights, Illinois. On February 8, 1957, plaintiff, having made some purchases in the store, was proceeding to the south exit when he slipped and fell on a crank used by defendant to raise awnings. As a result of the fall he sustained substantial injuries.

The questions raised on the appeal are these: What determines the theory on which a case is tried? When is the case made on proof by indirect evidence and not res ipsa loquitur? Should the court have directed a verdict for defendant? Was the verdict against the manifest weight of the evidence? Did the court err with respect to rulings on instructions and special interrogatories? Is it incumbent on the court to prepare a proper instruction outlining the theory of the case when the complaining party has failed to do so?

Defendant argues that the court submitted the case to the jury on the assumption that the doctrine of

355

res ipsa loquitur applied and on the erroneous theory that if plaintiff slipped on a movable object which belonged to defendant and which was left in the aisle of its store, defendant was liable as a matter of law *regardless of how the object came to be there.* Plaintiff completely disavows trying the case on that theory. Defendant bases its point entirely on what was said by the court in chambers when ruling on instructions and interrogatories. In the informal discussion then had the court said that the case came down to the doctrine of res ipsa loquitur; that if the awning crank was in the aisle where it caused damage, defendant was liable regardless of who put it there. What the court said in chambers is of no consequence on this point.

■ ■ The respective theories on which a case is tried are determined by the pleadings, the evidence admitted, the arguments made and the instructions. The complaint alleges specific acts of negligence, which are incompatible with res ipsa loquitur. No rulings on evidence or with respect to arguments to the jury are challenged. Nine instructions were given on behalf of plaintiff. The first related to duty owing to an invitee, and the second to the liability of a principal for torts committed by an agent in the course of his employment and while pursuing his master's business. All the other instructions given on behalf of plaintiff were merely cautionary. Nothing, therefore, in plaintiff's presentation of the case and nothing the court said to the jury supports defendant's argument that the case was submitted on the theory of res ipsa loquitur or that the jury should presume guilt from the mere fact that the crank was in the aisle where plaintiff was making his exit.

Plaintiff relies on proof of negligence by defendant's employees, as shown by circumstantial evidence.

356

The distinction between this and res ipsa loquitur is clearly stated in Foster v. Union Starch and Refining Co., 11 Ill.App.2d 346, 137 N.E.2d 499 (1956). Plaintiff's case rests on evidence showing that defendant's servants in the course of their employment used the awning crank and negligently left it in the aisle. The evidence upon which he bases his position follows. Plaintiff entered defendant's store through the south entrance. At that time the awning was down. After he had made some purchases, he started to leave by the same door and just before reaching the entrance, stepped with his left foot on something that was hard and it rolled. After landing on the floor, he discovered he was lying on the handle of the awning crank and that the handle had a roller on it or, as shown by the picture, rested on wheels. At that time the crank was protruding into the aisle. The awning was up. Defendant's witnesses testified that the crank when not in use was always stored on the floor under a hosiery counter adjacent to the scene of the fall.

There was only one witness whose testimony in any degree supports defendant's theory that the crank was under the counter at the time of the accident. That witness was the hosiery clerk. Her testimony is that plaintiff made a purchase from her, said he was in a hurry and put his purchase in a bag, and as she stooped down to put her stock away, she heard a noise. She walked around the counter, and plaintiff was down on the floor. He looked around for a moment and then pulled out the awning crank handle and said "This is what I slipped on." At that time the awning crank was underneath the counter. It was then that the witness called for help. This is not inconsistent with plaintiff's testimony. He said that after he got the crank out from underneath him, some

357

one standing there took the handle and shoved it back under the counter, where it would normally be.

■ Inasmuch as the crank does not move by itself and as there is no proof that some unauthorized person not employed by defendant had pulled it out, the most reasonable inference is that an employee of defendant charged with the duty of raising the awning had failed to store it safely under the counter. The court properly submitted the case to the jury. Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E. 2d 434 (1958); Garrett v. National Tea Co., 12 Ill.2d 567, 147 N.E.2d 367 (1958); Foster v. Union Starch & Refining Co., 11 Ill.App.2d 346, 137 N.E.2d 499 (1957); Sears Roebuck & Co. v. Peterson, 76 F.2d 243 (8th Cir. 1935); The Vogue, Inc. v. Cox, 28 Tenn. App. 344, 190 S.W.2d 307 (1945); Grzboski v. Bernheimer Leader Stores, 156 Md. 146, 143 Atl. 706 (1928); White v. Herpolsheimer Co., 327 Mich. 462, 42 N.W.2d 204 (1950).

■ In Donoho v. O'Connell's, Inc., supra, a customer in a restaurant slipped on an onion ring on the floor. It could have been dropped by a customer or a bus boy. The Supreme Court held that the plaintiff's case was sufficiently proved by a showing as to the location of the onion ring and the fact that it was customary for the bus boy to clear tables and therefore more likely that it was he who dropped it. The court said (p. 122):

"Where . . . in addition to the fact that the substance on the floor was a product sold or related to defendant's operation, the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that the defendant or his servants, rather than a customer, dropped the

358

substance on the premises, courts have generally allowed the negligence issue to go to the jury, without requiring defendant's knowledge or constructive notice."

The weight of the evidence in the instant case supports plaintiff's position that he slipped on the crank which was in the aisle and that it was left there through the negligence of some one of defendant's employees. In such a case there need be no further evidence of defendant's knowledge or constructive notice by duration or otherwise.

■ Defendant complains of the rulings of the trial court with respect to instructions. It tendered five instructions, Nos. 1, 4, 11, 12 and 14, defining the issues or outlining the requirements of plaintiff's proof, but the court refused them. Each one of those instructions was erroneous. Nos. 1, 11 and 12 are subject to the same objection. After setting forth summaries of the respective theories of plaintiff and defendant, each of these instructions contained three interrogatories, one of which was as follows:

"3. If you find that plaintiff fell by reason of an awning crank in the aisle of defendant's store, was plaintiff guilty of negligence contributing to his fall in failing to see and avoid this crank?"

There then followed a direction that for plaintiff to recover, the answer to each of the interrogatories must be "yes." Obviously that was an error. If the verdict was to be for plaintiff, the proper answer to interrogatory No. 3 was "no."

Instructions Nos. 4 and 14 required plaintiff to prove actual knowledge or notice by duration. In our view of the law as before expressed, those instructions were properly refused.

■ Defendant complains of refusal to submit interrogatories Nos. 2 and 3. Interrogatory No. 2 poses

a question on the same theory of notice by duration, which we have found to be wrong in this case. Interrogatory No. 3 asks a double question and also one which would not be decisive of the case. Pressley v. Bloomington & Normal Ry. & Light Co., 271 Ill. 622 (1916). Other points made by defendant on instructions we find without merit.

■ One point still remains. Defendant argued strongly, particularly on the oral hearing, that the court should not have submitted the case to the jury without some instruction defining the character of the negligence on which defendant could be found guilty. But in our practice, counsel first submit instructions on the issues they desire covered. They can modify them to meet any valid objection. Failing to do so, they cannot thereafter charge error, however logical and desirable an instruction on a particular issue might have been.

The trial was fair and the verdict was not excessive.

Judgment affirmed.

McCORMICK, P. J. and DEMPSEY, J., concur.