Douglas WAGNER, A Minor, by his Guardian Ad Litem, LaVone M. Wagner, Plaintiff and Appellant,

v.

COCA–COLA BOTTLING COMPANY, INC., Sioux Falls, South Dakota, Defendant and Appellee.

No. 13348.

Supreme Court of South Dakota.

Considered on Briefs, March 23, 1982.

Decided May 19, 1982.

Milton Buechler, Lennox, for plaintiff and appellant.

Arlo Sommervold of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

FOSHEIM, Justice.

The trial court directed a verdict in favor of defendant at the conclusion of plaintiff's evidence. We affirm on the appeal from that order.

Douglas Wagner (appellant), age six, was with his mother at a grocery store in Sioux Falls when a six-pack of Coca-Cola fell to the floor. Two bottles from the carton broke and pieces of glass injured one of appellant's eyes. Appellee, Coca-Cola Bottling Company, prepared and bottled the beverage in sixteen-ounce glass bottles with metal caps and set up the coke display [1] at the grocery store.

Appellant's first cause of action, based on the doctrine of res ipsa loquitur, alleges that appellee's negligent preparation and bottling of the beverage resulted in his injuries. The second cause of action alleges appellee was negligent in inspection for defective bottles and in the carbonization process.

In *Kramer v. Sioux Transit Inc.*, 85 S.D. 232, 180 N.W.2d 468, 472 (1970) (citations omitted) we said:

> The requirements of res ipsa loquitur are that the instrumentality which caused an injury must have been under the full management and control of the defendant or his servants; that the accident was such that according to common knowl-

---

1. Appellant argues on appeal that the display was improperly stacked, but his motion to amend his complaint to reflect this allegation was denied and appellant did not appeal that denial.

edge and experience does not happen if those having management or control had not been negligent; and that plaintiff's injury must have resulted from the accident.

The trial court concluded that appellant had failed to establish the "full management and control" requirement. This requirement has caused some difficulty in applying the res ipsa loquitur doctrine in bursting-bottle cases, as noted in the following excerpt from Annot., 81 A.L.R.2d 229 (1962) (footnotes omitted).

A number of courts have overcome this difficulty by extending the res ipsa loquitur doctrine (or drawing an exception to it) so as to make the strict requirement of control inapplicable, at least in bursting-bottle cases. These courts take the view that there is sufficient compliance with the control requirement of the res ipsa loquitur doctrine if the container which caused the injury was shown to have been under the control of the defendant, not at the time of the injury, but at the time of the negligent act in connection with the container to which the container-caused injury is traceable.

In connection with the control requirement of the res ipsa loquitur doctrine, it is also worth noting that in cases (especially exploding bottle cases) in which the doctrine has been held applicable, the courts, in support of such holdings, have frequently pointed out that there was evidence establishing, or warranting the conclusion, that the condition of the bottle which exploded had not changed (through improper handling, etc.) between the time it left the defendant's possession and the time of the explosion. On the other hand, courts which have refused to apply the res ipsa loquitur principle in exploding cases have frequently stated (or clearly indicated) that application of the principle was barred because it was not shown that the bottle was not mishandled between the time defendant gave up possession and the time of the explosion.

Appellant cites *Lafleur v. Coca-Cola Bottling Co. of Lake Charles*, 195 So.2d 419 (La.1967), a bottle-bursting case, as authority that his claim should have gone to the jury under the res ipsa loquitur doctrine. We do not so read *Lafleur*. The *Lafleur* court noted that the evidence showed the beverage bottles were not mishandled by either the plaintiff or a third party after they left the bottler's possession and that consequently the burden shifted to the defendant to show no negligence in the manufacture or bottling process. The facts in this case are distinguishable from *Lafleur*.

On the other hand, *Kirchoff v. Tzinberg's Park 'N' Shop Food Stores*, 7 Ill.App.2d 201, 129 N.E.2d 279 (1955), cited by appellee, is factually similar to the case before us and supports the trial court's order directing the verdict. In *Kirchoff* a third party customer reached for a carton of pop and brushed a carton below it which in turn fell, breaking a bottle of root beer. The broken bottle caused injury to the plaintiff. A directed verdict for the defendant was affirmed. The *Kirchoff* court found that the res ipsa loquitur doctrine did not apply, since there was direct evidence of the cause of the accident.

■ There is strong evidence in this case that the accident resulted from causes which do not implicate appellee. First, the employees of the grocery store maintained the coke display throughout the day of the accident. Appellee's employee came into the store once or twice that day. The accident happened during busy store hours when the grocery store employees re-stocked and re-stacked the display on a half hour to hourly basis. Second, there is uncontradicted evidence that, as in *Kirchoff*, a third party, in taking a carton from the display, inadvertently knocked the carton of bottles to the floor from which the breakage resulted.

*Lafleur* and *Kirchoff* are consistent with *Kramer*, which states: "The doctrine cannot be invoked when it appears from the surrounding facts and circumstances that the accident may have resulted from a cause or causes other than the negligent act of the defendant." *Id.* 180 N.W.2d at 472 (citations omitted).

On a motion for a directed verdict the trial judge:

"must accept that evidence which is most favorable to the party against whom the motion is sought, and indulge all legitimate inferences in his favor that can fairly be drawn therefrom. * * * If, when so viewed, there is any substantial evidence to sustain the cause of action or defense it must be submitted to the jury."

In ruling on this motion it was not the trial court's function, and it is not now ours, to weigh the evidence or judge the credibility of witnesses. Our review is limited to the sole question of whether, in the light most favorable to the nonmoving party, there was 'any substantial evidence to sustain the cause of action.' In other words, was there a failure of proof on the part of the plaintiff-respondent to establish a valid cause of action?

Ehlers v. Chrysler Motor Corporation, 88 S.D. 612, 226 N.W.2d 157, 159 (1975) (citations omitted).

Viewing the record in the light most favorable to appellant, we are unable to find any substantial evidence to sustain appellant's first cause of action. We likewise fail to find any substantial evidence to sustain his second cause of action alleging negligent bottle inspection and carbonization. The order directing a verdict for appellee is accordingly affirmed.

All the Justices concur.