[Civ. No. 9550. Second Appellate District, Division Two.—April 25, 1935.]

CLARAH I. BRISBIN, Appellant, v. THE WISE CO. (a Corporation) et al., Respondents.

442

S. S. Hahn and W. O. Graf for Appellant.

Joe Crider, Jr., E. H. Tilson and S. J. Grogan for Respondents.

WILLIS, J., *pro tem.*—This is an appeal by plaintiff from a judgment entered upon an adverse verdict by a jury in an action for damages for personal injuries. In her complaint plaintiff charged negligence on the part of defendant Wise Company, proprietor of a department store 'in Long Beach, through its servant and clerk, defendant Ida Bryant, in that said Ida Bryant negligently collided with plaintiff in an aisle in such store while the latter. was using the aisle as a patron and invitee of defendant company. Defendants answered separately, each denying the charge of negli-

gence and each pleading contributory negligence on the part of plaintiff, and that the accident was unavoidable.

Appellant complains of six instructions given at defendants' request, and of the action of the court in refusing four instructions requested by plaintiff. The first four of those given and complained of related to the duty of one in plaintiff's situation to use her sense of sight, to see what is plainly visible, to keep a lookout for clerks or other persons using the aisleways, and that it was just as much negligence to look in a negligent and careless manner as it was not to look at all. The last two stated that it was just as much the duty of plaintiff to exercise the care of an ordinarily prudent person for her own safety as it was the duty of defendants to exercise such care; that the rights of clerks in a store and customers are reciprocal, and that each owes the same degree of care to avoid injury to one another.

In the light of the evidence in the case we can find no wrong in these instructions. There was some conflict in the evidence as to the precise manner in which the collision of the two women occurred, but it is made quite clear that it consisted in the ordinary, everyday colliding of two pedestrians neither of whom is at the moment on the lookout for the other and both unknowingly attempting to occupy the same space at the same time. None of these instructions departs from the usual and correct statement of the duties of pedestrians *inter sese,* whether in store aisles, on sidewalks or in any other place where persons gather and move about.

The four instructions refused by the court all relate to the duties of a storekeeper or proprietor of a place to which the public is invited; and while correct as statements of the law relating to such subject, are foreign to the issues in this case. No claim of negligence appears in plaintiff's complaint as founded on the liability of the defendant company as a proprietor or storekeeper, but the negligence alleged is that of an employee of the store in passing along one of the aisles of the store in the course of her employment and on her master's business. It is through the doctrine of *respondeat superior* that plaintiff sought to attach liability on the defendant company by alleging that one of its employees negligently collided with her. The

question of duty of the storekeeper to keep his premises and passageways in a safe condition and to use ordinary care to avoid injuring his patrons and invitees was entirely beside the issues in this case, and the court very properly declined to instruct on that subject. The real and vital issue centered on the personal conduct of defendant's employee, and presented the simple and well known case of personal negligence in the movements and action of an individual resulting in injuries to another through bodily collision. In such cases as the one at bar an apology is usually accepted as full compensation; but in this case, by reason of the serious injury resulting to plaintiff, a monetary compensation is sought. The jury decided on the evidence in defendants' favor, after a fair trial and upon a very full statement of the law by the court in its instructions, wherein we can find no error.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1935.