HELEN CHALMERS *v.* GREAT ATLANTIC &
PACIFIC TEA COMPANY

[No. 29, April Term, 1937.]

*Decided May 25th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Clay Jewell* and *Sigmund Levin,* for the appellant.

*L. Wethered Barroll, Jesse Slingluff, Jr.,* and *Marbury, Gosnell & Williams,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This is an appeal from a judgment on a directed verdict for the defendant, in an action brought in the Baltimore City Court by Helen Chalmers against the Great Atlantic & Pacific Tea Company, to recover for injuries said to have been caused by a fall over a carton of canned goods, placed in an aisle in a store operated by the defendant, where she was present as a patron and business visitor. The single question submitted is whether the evidence was legally sufficient to permit a recovery.

There was in the case evidence legally sufficient to permit the following finding of fact: At about 5 o'clock in the afternoon of January 23rd, 1936, the plaintiff went to a grocery and provision store operated by the defendant at the corner of Calhoun and Baltimore Streets, in the City of Baltimore, to make purchases. She first purchased articles at the grocery counter, and then, with her packages in her arms, went to the meat counter, which was in the back of the store, and made purchases there. After making those purchases, as she turned "to move in the passage way," she "fell over" a box "sitting there," and was injured. The box was a pasteboard carton, contained canned goods, it was brown, about the same color as the floor, and "sitting" just far enough for her to take "one step from the meat counter." To go from the meat counter to the grocery counter, or the door, it was necessary for her to pass the point where the box was placed; there was no other way to get out, "it was right in the passage way out in front." There was light in the store.

These facts furnish an analogy by no means complete to such cases as *Benesch & Sons v. Ferkler,* 153 Md. 680, 683, 139 A. 557; *Dickey v. Hochschild, Kohn & Co.,* 157 Md. 448, 450, 146 A. 282; *Grzboski v. Bernheimer-Leader Stores,* 156 Md. 146, 148, 143 A. 706; *Moore v. American Stores Co.,* 169 Md. 541, 546, 182 A. 436; and *Eyerly v. Baker,* 168 Md. 599, 606, 178 A. 691, where the injuries complained of were caused by some abnormal condition of the premises which created a danger which the visitor

had no reason to anticipate or to guard against. Boxes, cartons, crates, and bags are commonly found in grocery and provision stores, placed in a more or less disorderly way about the store, without relation to any definite system of arrangement or purpose, except perhaps convenient access to their contents. Visitors to such a store must expect to find and to guard against those conditions, because they are an ordinary and usual incident of the business. One is not required to conduct an ordinary and lawful business at his peril merely because persons visiting his premises for business purposes may be injured by conditions commonly incident to the business, when they could have avoided the danger by exercising the degree of vigilance which the conditions required. If one enters a store where he must reasonably expect to find boxes, bags, or other like obstructions, placed irregularly here and there on the floor, he must look for them, and if he does not look, and falls over such an obstruction because he did not look, he cannot complain.

In *Benesch & Sons v. Ferkler, supra,* the injury resulted from slipping on a greasy floor, in *Grzboski v. Bernheimer-Leader Stores, supra,* from slipping on an orange peel, in *Moore v. American Stores Co., supra,* from slipping on a greasy floor, in *Eyerly v. Baker, supra,* from a defective revolving door, and in *Dickey v. Hochschild, Kohn & Co., supra,* from a defective step in a stairway. In those cases the injury was caused by some abnormal and dangerous condition of the premises which the inviter negligently permitted, and which the visitor could not reasonably be expected to anticipate. So far from being an incident of the business, they were wholly inconsistent with the care and foresight which its nature required its proprietors to exercise. But while a somewhat different case is presented here, it must be true that the proprietor of any store which the public are invited to patronize is under a duty to use ordinary care to see that persons coming into the store as business visitors to purchase or inspect goods, while using it in the only manner permitted by its arrangements, are not

exposed to the risk of injury through conditions, not necessarily incident to the business, which they could not reasonably be required to anticipate or discover. *Benesch & Sons v. Ferkler, supra; Dickey v. Hochschild, Kohn & Co., supra; Grzboski v. Bernheimer-Leader Stores, supra; Moore v. American Stores Co., supra; Eyerly v. Baker, supra; O'Neill & Company v. Crummitt,* 172 Md. 53, 190 A. 763.

Accordingly it would seem that, even in a grocery and provision store, where the articles offered for sale are irregularly placed about the floor, since it is intended that purchasers will inspect and select such articles as they desire to purchase from those offered for sale, the owner is under a duty to provide reasonably safe passageways to afford access to different parts of the store, where customers are expected to go.

The general rule embodying that principle is thus stated in the *Restatement of Torts, Am. Law Inst.* sec. 343: "A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care should discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive, if the possessor is a public utility."

In the application of that principle it was held in *Williams v. Liberty Stores,* 148 La. 450, 87 So. 233, that the presence of a box in an aisle or passage way of a store was negligent; in *Brinkworth v. Sam Seelig Co.,* 51 Cal. App. 668, 197 P. 427, that placing a box in an aisle of a grocery and provision store was negligent; in *Nye v. Liggett Co.,* 224 Mass. 401, 113 N. E. 201, that placing a

weighing machine near the entrance of a drug store was negligent; in *Ginns v. Sherer Co.*, 219 Mass. 18, 106 N. E. 600, that placing a hat box in the aisle of a dry goods store was negligent; in *Finnegan v. Goerke Co.*, 106 N. J. Law, 59, 147 A. 442, that placing a rattan box in the aisle of a department store was negligent; in *Armstrong v. Kroger etc. Co.* (Mo. App.) 78 S. W. (2nd) 564, that placing a wire basket containing cookies in the aisle of a grocery store was negligent; in *Smith v. Emporium Mercantile Co.*, 190 Minn. 294, 251 N. W. 265, 266, that placing a platform used to display merchandise so that it protruded into an aisle in a department store was not negligent because "where an ordinary device, such as this platform, customarily used in stores for the display of goods, is placed in a well-lighted/ position, is plainly observable, with nothing to conceal its presence and outlines, and with sufficient passageways going by it, the shopkeeper should not be held negligent as to one heedlessly colliding therewith. * * * To hold otherwise would impose too high a degree of care upon a shopkeeper and in effect make him an insurer of the safety of customers"; in *Ober v. The Golden Rule*, 146 Minn. 347, 178 N. W. 586, that so arranging tables on which were piled goods for display that their supports projected into an aisle which customers were expected to use was negligent; in *Greene v. Sibley etc. Co.*, 257 N. Y. 190, 177 N. E. 416, it was held, with two judges dissenting, that the fact that the leg of a workman inspecting a cash register extended into an aisle in a store, and that a customer tripped over it, was not sufficient to charge the proprietor with negligence; in *Adriance v. Duncan Corporation* (Mass.) 196 N. E. 906, that placing a lawnmower in the aisle in a hardware store, so that its handle leaned against the counter, was not negligent, because "some latitude" must be allowed a storekeeper in displaying his goods consistently with the nature of the goods and the business, but the same court a few months later held in *McCarthy v. Great Atlantic & Pacific Tea Co.* (Mass.) 198 N. E. 757, that placing a box on the floor

558

of a grocery store so that it projected into a space over which customers would be likely to pass in leaving the store was negligent and the plaintiff permitted to recover, although she actually saw the box placed where it was when she fell over it; in *Ralph v. McCarr Stores,* 103 Mont. 421, 62 P. (2d) 1285, that the presence of a box in the aisle of a grocery and provision store was evidence of negligence. Other cases are collected in a note to *Mullen v. Sensenbrenner Co.,* 33 *A. L. R.* 181, and in a note to *Penny Co. v. Robison,* 100 *A. L. R.* 710.

Turning again to the facts, it cannot be said, in view of this volume of precedents, as a matter of law, that the conduct of the defendant in placing the carton over which the plaintiff fell in the only passage way provided for access to the meat counter, or in permitting it to remain there, afforded no evidence of negligence. It is consistent with the evidence that the passage way was narrow, for the demurrer prayer concedes that plaintiff in turning from the counter took only one step before she fell over the box. It may also be inferred that she did not see the box, for she said, "It wasn't high enough for me to see, and I fell," and, while she must have passed it on her way to the meat counter, it cannot be conclusively presumed that she saw it then, and she herself said "I did not see it before I fell." It was about the color of the floor, and it "was sitting right in the passage way." Since defendant did maintain a meat department and a meat counter, it must have intended that patrons desiring to make purchases at that counter should use the only passage way which gave access to it, and was therefore under a duty to use ordinary care to see that it was kept safe for such use. Whether under the circumstances its conduct in placing the box in the aisle, or permitting it to remain there, was consistent with due care, was peculiarly a jury question.

Nor for the reasons stated in *Reed v. Baltimore,* 171 Md. 115, 188 A. 15, can it be said as a matter of law that the plaintiff was guilty of contributory negligence. *Benesch & Sons v. Ferkler,* 153 Md. 680, 139 A. 557; 100

*A. L. R.* 718. There is a substantial difference between the kind and degree of vigilance which a traveler on a street must exercise to avoid danger and that which is required of a customer in a store. The storekeeper expects and intends that his customers shall look not at the floor but at the goods which he displays to attract their attention and which he hopes they will buy. He at least ought not to complain, if they look at the goods displayed instead of at the floor to discover possible pitfalls, obstructions, or other dangers, or if their purchases so encumber them as to prevent them from seeing dangers which might otherwise be apparent. Patrons are entitled therefore to rely to some extent at least upon the presumption that the proprietor will see that the passage ways provided for their use are unobstructed and reasonably safe.

It follows that there was error in granting the defendant's "A" prayer, directing a verdict for the defendant, which is the subject of the only exception submitted, and the judgment appealed from must therefore be reversed.

*Judgment reversed with costs, and new trial awarded.*