HYNES *v.* HUTZLER BROTHERS COMPANY

[No. 350, September Term, 1970.]

*Decided April 6, 1971.*

The cause was argued before HAMMOND, C. J., and
BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and
DIGGES, JJ.

*Gilbert A. Hoffman,* with whom was *Patrick A.
O'Doherty* on the brief, for appellant.

*Donald L. Merriman,* with whom were *William R.
Merriman* and *Merriman, Crowther & Merriman* on the
brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

In November, 1968 Mrs. Adelaide Hynes, the appellant here and plaintiff below, visited the department store of Hutzler Brothers Company (Hutzler) in Baltimore to purchase a pair of galoshes. Upon arriving in the basement shoe department Mrs. Hynes took a number from a ticket machine, sat down and waited for her number to be called. Becoming impatient, she started to walk to a counter where clerks were wrapping shoes to inquire whether her number had been called. To reach her destination she walked down an aisle five feet wide, past the ticket machine and a cash register. As Mrs. Hynes approached the ticket machine and cash register she fell and broke her wrist. Mrs. Hynes instituted suit for damages in Baltimore City Court, alleging that the fall had been caused by an unidentified employee of Hutzler's, who had negligently bumped into her. At the conclusion of her case Dorsey, J., specially assigned, granted Hutzler's motion for a directed verdict. From the judgment entered for Hutzler, Mrs. Hynes has appealed.

In deciding whether a motion for a directed verdict should have been granted, this Court will consider the evidence in the light most favorable to the party against whom the verdict is asked, *Yommer v. McKenzie,* 255 Md. 220, 228, 257 A. 2d 138 (1969).

Mrs. Hynes called Mr. Donald Marshall Jones, an employee of Hutzler's, as her witness and thus "vouche[d] for him as being worthy of credit, and no direct attack upon his veracity should be made by the party who produces him in the absence of surprise, hostility or deceit," *Procter Elec. Co. v. Zink,* 217 Md. 22, 32, 141 A. 2d 721 (1958). See also, *Tie Bar, Inc. v. Shartzer,* 249 Md. 711, 714, 241 A. 2d 582 (1968). His uncontradicted testimony was that he was standing still at the cash register with his back toward the area where Mrs. Hynes had been waiting. He further testified that as Mrs. Hynes walked past him, he turned his head and noticed her falling, and as she fell her foot kicked back and hit the back of his

foot. For purposes of dealing with this case we shall assume, without deciding, that it was Mr. Jones with whom Mrs. Hynes collided, despite the fact that she never saw him before she fell, and that Mr. Jones was guilty of primary negligence, and turn to a consideration of whether the evidence established that Mrs. Hynes was contributorily negligent in failing to pay attention to where she was walking.

Mrs. Hynes was asked about her eyesight:

> "Q. How about as far as your eyesight?
> "A. It is all right. I have to wear glasses.
> "Q. Did you have any trouble getting down off of or getting on buses?
> "A. No, I don't.
> "Q. Up and down stairs?
> "A. No.
> "Q. Do you have any trouble seeing where you are walking?
> "A. No, I don't."

Despite the adequacy of her vision, the width of the aisle, and the fact that she must have been walking close to Mr. Jones, Mrs. Hynes was unaware of his presence.

> "Q. Why did you get up?
> "A. To walk over and ask one of the sales people had my number been called and I didn't hear it.
> "Q. Okay, I misunderstood. I thought perhaps you weren't sure of that or whether it had been called and you were getting up.
> "A. No, I was wondering if it had been called and I wanted to find out.
> "Q. You wanted to find out where you stood?
> "A. Exactly.
> "Q. And who were you going to ask?
> "A. The sales people wrapping shoes.
> "Q. You weren't going to ask this gentleman who was at the cash register, were you?

"A. I didn't see the gentleman at the cash register.

"Q. You didn't see the man at the cash register?

"A. No.

"Q. Well, you walked, apparently, very close to him; isn't that true?

"A. I don't know. I was walking across the floor and he bumped into me, but who he was I didn't know.

"Q. Are you aware that there was a man at the cash register?

"A. No.

"Q. So as far as you are concerned, whoever bumped you you had not seen before?

"A. Not really. Maybe I glanced at him but my attention was focused on the people who were standing at the counter wrapping shoes. They were the ones I was going to talk to."

As we see the case, Mrs. Hynes' failure to observe the man with whom she collided permits of but one interpretation. It was the distinct, prominent and decisive act in regard to which there is no room for ordinary and reasonable minds to differ. It was the cause of her injury and amounted to contributory negligence as a matter of law, *Boyd v. Simpler*, 222 Md. 126, 131, 158 A. 2d 666 (1960).

In *Southern Maryland Elec. Cooperative, Inc. v. Blanchard*, 239 Md. 481, 212 A. 2d 301 (1965) this Court dealt with a similar problem. There Blanchard brought suit to recover for injuries sustained when a television antenna he was attempting to install on his mobile home came in contact with an uninsulated electric wire owned by the appellant. In dealing with Blanchard's assertion that he never noticed the wire over his mobile home, Chief Judge Prescott, speaking for the Court, said:

"Although there is much sound and widely-recognized authority for the proposition that a person of ordinary intelligence, with unimpaired

eyesight, who says that he did not see an object which, had he used his senses, he, in the nature of things, must have seen, is not to be credited (for example, see *Fulton Building Co. v. Stichel,* 135 Md. 542 [109 A. 434 (1920)]), we do not need to rest our decision here upon that proposition, for, irrespective of whether plaintiff had *actual* knowledge of the presence of the wire, the law, under the circumstances here involved, *charged* him with such knowledge.

"It is a fundamental principle of negligence law that a person must use his Providence-given senses to avoid injury to himself. This has been recognized since time immemorial. In the case of *Fulton Building Co. v. Stichel, supra,* Chief Judge Boyd, for the Court, said:

'If he had used his eyes, * * * he could have seen the spikes * * *. * * * He says he did not see any spike but according to the principles announced by the authorities in this State, as well as elsewhere, as there is nothing to show that his sight is impaired, or he was not a man of ordinary intelligence, he cannot avoid the effect of his contributory negligence by saying he did not see an object which, if he had used his senses, he in the nature of things must have seen, and he cannot be credited when he says he did not see it. *Helm's Case,* 84 Md. 515, 526 [36 A. 119 (1897)]; *Md. Elec. Ry. Co. v. Beasley,* 117 Md. 270, 279 [83 A. 157 (1912)]; *Sullivan v. Smith,* 123 Md. 546, 556 [91 A. 456 (1914)]; *Mayor, etc., of Baltimore v. Bassett,* 132 Md. 427, 431 [104 A. 39 (1918)], and many other cases to same effect. *If he did not use his senses for his protection, as he should have done, he was guilty of negligence.'* (Italics added.)" 239 Md. at 485-86 (Emphasis in original.)

In *Biggs v. Hutzler Brothers Co.*, 181 Md. 50, 28 A. 2d 609 (1942), a vigilant customer and a bemused salesgirl collided in the intersection of two aisles. In an endeavor to define the reciprocal duty to each party owed by the other, this Court looked to the California case of *Brisbin v. Wise Co.*, 6 Cal.App.2d 441, 44 P. 2d 622 (1935), quoting,

> "* * * The first four of those [instructions] given and complained of related to the duty of one in plaintiff's situation to use her sense of sight, to see what is plainly visible, to keep a lookout for clerks or other persons using the aisleways, and that it was just as much negligence to look in a negligent and careless manner as it was not to look at all. * * * It was just as much the duty of plaintiff to exercise the care of an ordinary prudent person for her own safety as it was the duty of defendants to exercise such care, that the rights of clerks in a store and customers are reciprocal, and that each owes the same degree of care to avoid injury to one another." 181 Md. at 54.

If Mrs. Hynes had looked, she would have seen Jones and could have avoided the accident.

*Judgment affirmed; costs to be paid by appellant.*