JESSIE CLARENCE VANHOOK et al. *v.*
MERCHANTS MUTUAL INSURANCE
COMPANY

[No. 699, September Term, 1973.]

*Decided July 11, 1974.*

23

The cause was argued before Powers, Gilbert and Lowe, JJ.

*Clarence M. Thomas* for appellants.

*Emanuel H. Horn* and *Jacob D. Hornstein* for appellee.

Powers, J., delivered the opinion of the Court.

Ordinarily we preface a discussion of the legal principles applicable to a case with a review of the facts before the lower court, to which the legal principles are to be applied. In this case, there were no facts before the court. We are limited to noting the procedural steps followed which led up to the judgment from which this appeal was taken.

Merchants Mutual Insurance Company filed in the Baltimore City Court on 24 September 1971 a petition for declaratory judgment and injunctive relief. The gist of the allegations of its petition is that on 9 May 1970, in compliance with requirements of the Maryland Automobile Insurance Plan for Assigned Risks, it issued a policy of liability insurance on a 1969 Ford 1/2 ton truck to Jessie

Clarence Vanhook. The petition alleges that on 29 December 1970 the Ford truck was involved in a collision with an automobile operated by Allie Mae Robertson, and owned by Vernon Robertson, Sr. The petition further alleges that following receipt in June, 1971 of a letter making a claim arising out of that collision, the petitioner, for the first time, learned of the collision and learned that the truck was being operated at the time by Edgar Lyndon Wilson, a 16 year old boy. It learned that the truck was not owned by Vanhook, but that a corporation, A-1 Janitorial Service, Inc., was in fact the owner of the truck. It learned also that Edgar Lyndon Wilson's father, Edgar L. Wilson, was the president of that corporation.

The petition named as defendants Vanhook, Edgar L. Wilson, Edgar Lyndon Wilson, A-1 Janitorial Service, Inc., Allie Mae Robertson, Vernon Robertson, Sr., and the Unsatisfied Claim and Judgment Fund Board.

The petition concluded with a prayer asking the court to declare that the policy of insurance issued by Merchants Mutual Insurance Company to Vanhook did not cover either of the Wilsons or the A-1 Janitorial Service, Inc., and that the insurance company was not obligated to defend the Robertson suit. All defendants promptly filed answers to the petition.

Approximately 18 months after the petition was filed, no proceedings of any kind having taken place after the filing of answers, Merchants Mutual filed a motion for summary judgment, asserting that there was no genuine dispute of material facts. A short supporting memorandum by counsel was filed with the motion.

The record contains no affidavits, no depositions, no admissible documentary evidence, no interrogatories, no request for admission of facts, no stipulations by the parties, and no concessions of fact by the parties. In the answers filed by the defendants, certain allegations of the petition were admitted and others were denied. Those admitted did not go to the substantial merits of the controversy, and could not have formed a basis for granting the motion.

In short, there was a complete and total lack of any facts

in the record which might enable the court to determine the only questions before it on the motion for summary judgment: (a) was there a genuine dispute as to any material fact, and (b) if not, were the undisputed facts such as to entitle any party to judgment.

On that record, the court held a hearing on the motion on 7 August 1973. There is no transcript of that hearing. Shortly afterward each side filed a memorandum. On 20 September 1973 the court, in a memorandum opinion and ruling, discussed "the facts" and the law and concluded by "granting" the motion for summary judgment. On the same day the clerk entered on the docket, "Judgment absolute in favor of the Plaintiff for costs of suit as against all defendants." We must observe that we are unable to understand how such a "judgment absolute", even if there were facts before the court, could serve to declare the rights of the parties. Vanhook, the Wilsons, and A-1 Janitorial Service, Inc. filed this appeal.

Maryland Rule 610 governs summary judgment procedure. It has been said repeatedly that the procedure is not a substitute for a trial, but a means by which the court may determine, summarily, whether a trial is necessary. The Rule has been discussed and applied in a multitude of cases. We shall refer later to a few of them.

It is clear that in ruling on a motion for summary judgment the court does not decide disputed facts, but decides whether any real dispute as to material facts exists. *Shatzer v. Kenilworth Warehouses*, 261 Md. 88, 274 A. 2d 95 (1971); *Brown v. Suburban Cadillac, Inc.*, 260 Md. 251, 272 A. 2d 42 (1971). To grant such a motion the court must determine that "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 610 d. 1. In ruling on a motion for summary judgment, as we said in *Knisley v. Keller*, 11 Md. App. 269, 273 A. 2d 624 (1971) at 272-73:

> "The function of the judge is much the same as that
> he performs at the close of all the evidence in a jury

trial when motions for directed verdict or requests for peremptory instructions require him to determine whether an issue requires resolution by a jury, or is to be decided by the court as a matter of law."

But a court cannot rule summarily as a matter of law until the parties have supported their respective contentions by placing before the court facts which would be admissible in evidence. *Brown v. Suburban Cadillac, Inc., supra.* Each opposing party is given ample opportunity to place before the court facts which, on the one hand, show that he is entitled as a matter of law to the ruling he seeks, or, on the other hand, show that a fact, material to the opponent's position, is disputed. How the facts are to be placed before the court is explained in the Rule and in the cases applying the Rule. Some of the ways to do it are:

a. By affidavit. If the motion is filed with the pleading asserting the claim, or before the adverse party has filed his initial pleading to the claim, the motion *must* be supported by affidavit. An answer opposing such a motion must be supported by affidavit or deposition, unless the court orders otherwise. If the motion is filed after the adverse party's initial pleading, affidavits are optional. Rule 610 a 3. An affidavit must show that the person making it has personal knowledge of and is competent to testify to the facts stated. The facts must be such as would be admissible in evidence. *Fletcher v. Flournoy,* 198 Md. 53, 81 A. 2d 232 (1951); *Frush v. Brooks,* 204 Md. 315, 104 A. 2d 624 (1954); *White v. Friel,* 210 Md. 274, 128 A. 2d 303 (1956); *Shaffer v. Lohr,* 264 Md. 397, 287 A. 2d 42 (1972); *Wyand v. Patterson Agency, Inc.,* 266 Md. 456, 295 A. 2d 773 (1972); *Davis v. Montgomery County,* 267 Md. 456, 298 A. 2d 178 (1972).

b. By deposition. Maryland Rules 400-413. Evidentiary facts, testified to under oath upon personal knowledge by a witness who is competent to testify, may establish that one party or the other is entitled to a summary judgment, or may establish that there is a genuine dispute as to a material fact, so that summary judgment should not be

granted. When an affidavit is filed, a deposition may supply additional facts. When there is no affidavit, depositions, with or without other evidentiary material, may provide a sufficient basis for granting a summary judgment, or for raising a genuine dispute as to a material fact. *White v. Friel, supra, Guerassio v. American Bankers,* 236 Md. 500, 204 A. 2d 568 (1964).

c. Answers to interrogatories. Maryland Rule 417. Answers, made under oath by a party, are a proper means of placing before the court facts to be considered in ruling on a motion for summary judgment.

d. Admission of facts. Maryland Rule 421. Facts deemed admitted under the Rule are properly before the court.

e. Stipulation or concession. Facts conceded or stipulated to be true facts are likewise properly before the court.

f. Pleadings. It is true that Maryland Rule 610 d 1 includes "pleadings" among the matters before the court upon which the court determines whether there is a genuine dispute as to any material fact. But it is clear that facts alleged in pleadings are not, by that means alone, before the court as facts for summary judgment purposes. Ordinarily, mere allegations neither establish facts, nor show a genuine dispute of fact. *Melbourne v. Griffith,* 263 Md. 486, 283 A. 2d 363 (1971); *Wyand v. Patterson Agency, Inc., supra; Davis v. Montgomery County, supra.*

The function of pleadings in summary judgment cases is twofold:

1. They serve to frame the issues, with respect to which the court must determine materiality.

2. Allegations and the response, or lack of response, may establish facts as admitted or deemed to be admitted, for the purpose of the case. See, for example, Maryland Rules 311, 326, 342 c, 372.

There is but one way to obtain a summary judgment in the courts of general jurisdiction in Maryland. That way is prescribed in Maryland Rule 610. We were told at oral argument that the practice in summary judgment cases in

the courts of Baltimore City is rather informal. Informality is desirable, but conformity with the Rules of Procedure is compulsory. What was done in the case now before us bears no recognizable relationship to Rule 610. The order granting summary judgment and the entry of judgment absolute in favor of the plaintiff will be vacated.

> *Order granting summary judgment, and judgment absolute entered in favor of the plaintiff, vacated.*
>
> *Case remanded for further proceedings.*
>
> *Appellee to pay costs.*