536 A.2d 1175

Anna E. DIFFENDAL, et vir

v.

**KASH AND KARRY SERVICE CORPORATION.**

No. 749, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Feb. 8, 1988.

Christopher A. King (William J. Blondell, Jr. Chartered, on the brief), Baltimore, for appellants.

Timothy E. Fizer (Gallagher & May, on the brief), Baltimore, for appellee.

Argued before MOYLAN, ROSALYN B. BELL, and KARWACKI, JJ.

ROSALYN B. BELL, Judge.

Appellants, Anna Diffendal and Joseph Diffendal, filed a complaint against appellee, Kash and Karry Service Corporation, in the Circuit Court for Baltimore City. In Count I, Anna Diffendal sought damages arising from a personal injury which she sustained while shopping in Kash and Karry's supermarket. In Count II, the Diffendals sought damages arising from their loss of consortium resulting from the injuries suffered by Anna Diffendal as set out in Count I. Kash and Karry denied liability and alleged that the Diffendals' cause of action was barred by the doctrine of contributory negligence.

Kash and Karry sought summary judgment on the ground that Anna Diffendal was contributorily negligent as a matter of law. The court granted the motion and appellants subsequently appealed. The issues on appeal are:

—Did the trial court err in finding that Mrs. Diffendal was contributorily negligent as a matter of law?

—Is the recorded statement used to support Kash and Karry's motion for summary judgment an admission under Rule 2–501(e)?

This appeal arises out of a personal injury sustained by Anna Diffendal while she was shopping in the Kash and Karry supermarket on June 23, 1983 in Glen Burnie, Maryland. Upon arriving at the store, Mrs. Diffendal took a shopping cart and proceeded to the frozen food aisle, where she intended to select two specific items. She stopped pushing her cart, walked along the frozen food box looking for the items, picked out one, turned to place the product in her shopping cart, but, instead, fell over an "L-bed" cart which was in the aisle. That fall resulted in the injuries of which she complains in this case.

Appellee filed a motion for summary judgment, claiming that Mrs. Diffendal was contributorily negligent. A hear-

ing was held and the court granted the motion, finding that Mrs. Diffendal was contributorily negligent as a matter of law. Appellants appeal from that ruling.

## CONTRIBUTORY NEGLIGENCE

■ Appellee argues that, based on the following statement made by Mrs. Diffendal at her deposition, the court was correct in granting its motion for summary judgment:

Q: "Before you began to walk, did you look to see if your way was clear?"

Mrs. Diffendal: "No, sir. I was looking in the frozen food for the waffles."

Appellee claims that, because Mrs. Diffendal was not paying attention to where she was walking, she was not exercising ordinary care for her own safety. Thus, appellee concludes that Mrs. Diffendal was contributorily negligent as a matter of law. We disagree.

■ Contributory negligence is defined as "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95, 97, 222 A.2d 836 (1966). Ordinarily, contributory negligence is a question for the jury. *Kasten Const. Co. v. Evans*, 260 Md. 536, 541, 273 A.2d 90 (1971).

"The question of contributory negligence must be considered in the light of all the inferences favorable to the plaintiff's case that may be fairly deduced from the evidence. Where there is a conflict of evidence as to material facts relied on to establish contributory negligence, or more than one inference may be reasonably drawn therefrom, the question should be submitted to the jury. In order that a case may be withdrawn from the jury on the ground of contributory negligence, the *evidence must show some prominent and decisive act which directly contributed to the accident and which*

*was of such a character as to leave no room for differ-
ence of opinion thereon by reasonable minds."*
*Menish v. Polinger Co.,* 277 Md. 553, 563, 356 A.2d 233
(1976) (citations omitted) (emphasis in original). We hold
that Mrs. Diffendal's failure to look down the aisle before
proceeding to her cart was not such a "prominent and
decisive act" from which reasonable minds could not differ
that she was contributorily negligent.

In *Chalmers v. Great Atlantic & Pacific Tea Co.,* 172
Md. 552, 192 A. 419 (1937), appellant fell over a box of
canned goods sitting in the aisle of a grocery store. In
holding that appellant was not contributorily negligent as a
matter of law, the Court said:

> "There is a substantial difference between the kind and
> degree of vigilance which a traveler on a street must
> exercise to avoid danger and that which is required of a
> customer in a store. The storekeeper expects and intends
> that his customers shall look not at the floor but at the
> goods which he displays to attract their attention and
> which he hopes they will buy. He at least ought not to
> complain, if they look at the goods displayed instead of at
> the floor to discover possible pitfalls, obstructions, or
> other dangers, or if their purchases so encumber them as
> to prevent them from seeing dangers which might other-
> wise be apparent. Patrons are entitled therefore to rely
> to some extent at least upon the presumption that the
> proprietor will see that the passage says provided for
> their use are unobstructed and reasonably safe." [1]

*Chalmers,* 172 Md. at 559, 192 A. 419.

A number of other states have also held that, where a
customer in a store was injured as a result of falling over
an obstacle in an aisle, the question of the customer's
negligence is one of fact and not law. In *Borsa v. Great
Atlantic and Pacific Tea Co.,* 207 Pa.Super. 63, 215 A.2d
289 (1965), the plaintiff fell while in the defendant's store.

---

**1.** Although *Chalmers* involved an appeal from a directed verdict, that
does not alter its applicability to the instant case.

Plaintiff's evidence tended to show that she fell over a small bench protruding into an aisle. The jury returned a plaintiff's verdict, and defendant appealed from the trial court's denial of its motion for judgment notwithstanding the verdict. The *Borsa* Court stated:

"The standard of care applicable to a customer in a store is not as high as that imposed upon a pedestrian on a sidewalk. In determining whether a business visitor's failure to observe a dangerous condition on the premises constitutes negligent inattention, the fact that the possessor of the premises has eyecatching objects on display which divert the visitor's attention is an important factor for consideration. In view of the fact that there were displays all around the area in which [the plaintiff] fell ... we cannot say as a matter of law that [she] failed to exercise due care for her own protection. *Whether or not she was using the caution expected of a reasonably prudent person under the circumstances was a question of fact for the jury and not of law for the court.*"
*Borsa,* 215 A.2d at 292–93.

Similarly, in *Norwood v. Sherwin–Williams Co.,* 303 N.C. 462, 279 S.E.2d 559 (1981), the plaintiff was injured when she tripped over a raised pallet which extended into an aisle in the defendant's store. The jury found the defendant negligent and the plaintiff not contributorily negligent, but the trial court entered a judgment notwithstanding the verdict for the defendant. The plaintiff appealed. In reaching its conclusion that entry of judgment notwithstanding the verdict was improper, the *Norwood* Court found:

"[p]laintiff's evidence is sufficient to permit the inference that the corner of the pallet would not have been obvious to one exercising ordinary care. Additionally, there is evidence that the display and the placing of the impulse items were intended to attract and keep the customer's attention at eye level. When a merchant entices a customer's eyes away from a hazardous condition, we do not think he should be heard to complain when

his efforts succeed. Likewise, *when the designs of the merchant have the desired effect upon a customer, we cannot conclude as a matter of law that the customer was contributorily negligent in not looking down at the floor."*

*Norwood,* 279 S.E.2d at 563–64 (emphasis added); *see also Gourges v. Schwegmann Brothers Giant Super Markets, Inc.,* 339 So.2d 929 (La.App.1976); *Schuller v. Hy–Vee Food Stores, Inc.,* 328 N.W.2d 328 (Iowa 1982).

"The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of a very cautious person, and even if the doing of what was done turns out to have been an error of judgment, this of itself does not make the act negligence if an ordinarily prudent person would have made what proves to have been the same error."

*Sanders v. Williams,* 209 Md. 149, 153, 120 A.2d 397 (1956).

More than one inference is permitted under the circumstances of this case. It could be inferred that, under these circumstances, Mrs. Diffendal was not negligent in failing to have noticed the cart over which she fell, or in failing to have avoided the injury she sustained. In addition, Mrs. Diffendal stated in an affidavit that she did not see the L-cart before she fell. Thus, it may be inferred that the cart was placed in the aisle after she began looking for the waffles. A reasonable inference is that an ordinarily prudent person, while shopping in a supermarket, with her attention drawn to the selection of merchandise displayed in an open food freezer, could make the same error of judgment, and trip over a cart placed in an aisle near the displays of merchandise.

Appellee relies on three cases to support its claim that Mrs. Diffendal was contributorily negligent as a matter of law. Each of them is distinguishable from the case *sub judice.* In *Lloyd v. Bowles,* 260 Md. 568, 273 A.2d 193 (1971), appellant fell while leaving appellee's beauty parlor. At the time of the incident, the entrance to the shop was

being remodeled. The Court held that appellee was not negligent in its maintenance of the entrance way. Thus, the Court expressly declined to decide whether appellant was contributorily negligent. *Lloyd*, 260 Md. at 575, 273 A.2d 193.

In *Southern Maryland Electric Cooperative, Inc. v. Blanchard*, 239 Md. 481, 212 A.2d 301 (1965), appellee was injured when a television antenna he was holding came in contact with an uninsulated electric wire belonging to the cooperative. The cooperative appealed a jury verdict in favor of appellee. The Court of Appeals reversed, holding that appellee was contributorily negligent. The present case is distinguishable in two ways. First of all, in *Blanchard*, the Court held that, because appellee was familiar with electricity, and the location of wires in the area and because appellee had been working near the wires for almost an hour before the accident, he was charged with knowledge of the uninsulated wire. *Blanchard*, 239 Md. at 490–91, 212 A.2d 301. In the case *sub judice*, Mrs. Diffendal stated that she had never seen an unattended L-cart in the store before. She also claimed that she had never seen appellee's employees restocking the shelves in the daytime. Thus, it may be inferred that Mrs. Diffendal neither knew nor should have known that an L-cart might be present in the store aisles.

Secondly, the Court in *Blanchard* based its holding on its review of the considerable amount of evidence adduced at trial. In the case *sub judice*, the trial court granted appellee's motion for summary judgment based strictly on the pleadings and Mrs. Diffendal's one statement.

Finally, appellee relies on *Hynes v. Hutzler Brothers Co.*, 261 Md. 345, 276 A.2d 99 (1971). In *Hynes*, appellant was injured as a result of a collision with one of appellee's employees. The Court held that, because appellant failed to see the employee, she was contributorily negligent. *Hynes*, 261 Md. at 348, 276 A.2d 99.

We hold that summary judgment should not have been granted. We see a distinction between the failure to see a man, at eye level who is clearly visible, *Berzups v. H.G. Smithy Co.*, 22 Md.App. 157, 164, 321 A.2d 801, *cert. denied*, 272 Md. 737 (1974) (interpreting *Hynes*), and the failure to see an L-cart, which rests inches off the ground.

## ADMISSIONS

██ Appellee accompanied its motion for summary judgment with a "Statement of Material Facts as to Which There is No Genuine Dispute" ("Statement of Material Facts"). Attached to that Statement of Material Facts were three pages of a document entitled "Recorded Statement," which purports to be a transcription of a conversation between Richard Deckert and Anna Diffendal held on July 7, 1983. During that conversation, Mrs. Diffendal stated that she had seen the L-bed cart prior to her falling over it.

Appellee contends that this statement amounts to an "admission" under Rule 2–501(e) and as such must be admitted to establish that there is no genuine issue as to any material fact. We disagree.

Rule 2–501 provides for the grant of a party's motion for summary judgment. Rule 2–501(e) provides in part:

"The court shall enter judgment in favor of or against the moving party if the pleadings, depositions, answers to interrogatories, *admissions*, and affidavits show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law." (Emphasis added.)

We interpreted that section in *Vanhook v. Merchants Mutual Insurance Co.*, 22 Md.App. 22, 321 A.2d 540 (1974).[2] In *Vanhook*, we set forth the manner in which

---

2. *Vanhook* was decided under the old Rule 610 d. It is substantively the same as Rule 2–501(e).

parties may place before the court facts used to establish that they are entitled to summary judgment as a matter of law. We noted that a party may attach to its motion, affidavits, depositions, answers to interrogatories, pleadings and stipulations. *Vanhook*, 22 Md.App. at 26–27, 321 A.2d 540.

In addition, we said that a motion may be supported by "Admissions of facts. Maryland Rule 421. Facts deemed admitted under the Rule are properly before the court." *Vanhook*, 22 Md.App. at 27, 321 A.2d 540; *see also State Dept. of Assessments and Taxation v. Clark*, 281 Md. 385, 407, 380 A.2d 28 (1977). Rule 421, "Admission of Facts and Genuineness of Documents," provided in part:

> "A party to any action may at any time serve upon any other party a written request to admit (1) the genuineness of any relevant documents described in and exhibited with the request or (2) the truth of any relevant matters of fact set forth in the request. Copies of the documents shall be served with the request unless copies have already been furnished." [3]

In other words, "admissions," as used in Rule 2–501(e), contemplates a formal request by one party, to another party, for admissions of facts and the genuineness of documents. In addition, "admissions" includes admissions made in the pleadings and stipulations agreed to by the parties.[4]

Appellee relies on one case, *Aetna Casualty and Surety Co. v. Kuhl*, 296 Md. 446, 463 A.2d 822 (1983), to support its contention that the recorded statement was an admission as used in Rule 2–501(e). In *Aetna*, the court adopted the definition of the term "admissions" found in McCormick on

---

3. Rule 421 is now Rule 2–424. For our purposes, they are substantively the same.

4. Our discussion focuses only on the definition of "admissions" found in Rule 2–501(e). We recognize that admissions made in the pleadings, depositions, answers to interrogatories and affidavits may also be used.

*Evidence:* " 'the words or acts of a party opponent, or if his predecessor or representative, offered as evidence against him.' " *Aetna,* 296 Md. at 455, 463 A.2d 822.

A closer look at *Aetna* reveals that the Court used McCormick's definition of admissions to define the admissions exception to the hearsay rule.[5] The *Aetna* Court was not asked to, and did not, consider the definition of the word "admissions" as contemplated by Rule 2–501(e).

The "admissions" hearsay exception requires only that: "(1) the statement was made, adopted, or authorized by a party or that party's agent, predecessor in interest, or coconspirator; (2) the statement is offered in evidence against that party by an opposing party; and (3) as with all evidence, the statement must be relevant to a material fact."

6 McLain, *Maryland Practice: Maryland Evidence,* 304 (1987) (footnotes omitted).

There is no requirement that the statements must be made under oath and no foundation need be laid before an admission may be admitted into evidence. McLain at 303.

In *Lowman v. Consolidated Rail Corp.,* 68 Md.App. 64, 509 A.2d 1239, *cert. denied,* 307 Md. 406, 514 A.2d 24 (1986), we said:

"To succeed on a motion for summary judgment then, the moving party must, through affidavits or other *sworn statements* of fact based on personal knowledge, demonstrate that no material fact is actually disputed. . . . It is thus incumbent upon the other party to demonstrate that there is indeed a genuine dispute as to a material fact.

---

**5.** In *Kuhl,* the issue was whether Prahl had intentionally injured two men with an automobile. Prahl had previously been convicted criminally as a result of the incident. Prior to that conviction, Prahl had given a written statement to the police in which he had admitted striking the two men, but denied that he did so intentionally. In the civil trial against Prahl, that written statement was sought to be admitted on the ground that it constituted an exception to the hearsay rule because it was an "admission." *Aetna,* 296 Md. at 455, 463 A.2d 822.

He does this by producing factual assertions, under oath, based on the personal knowledge of the one swearing out an affidavit, giving a deposition, or answering interrogatories. 'Bald, unsupported statements or conclusions of law are insufficient.' "

*Lowman,* 68 Md.App. at 69–70, 509 A.2d 1239 (emphasis added) (citations and emphasis omitted).

In the case *sub judice,* Mrs. Diffendal's comment that she had seen the L-cart prior to her fall was not in response to a formal admission of fact under Rule 2–424. The recorded statement purports to be a transcript of a conversation between Mrs. Diffendal and someone named Richard Deckert. The transcript does not represent on its face that the conversation was under oath, and appellee had not made that claim. Additionally, no affidavit has been made of part of the record, claiming, under oath, that Mrs. Diffendal engaged in a conversation with Mr. Deckert or that the recorded statement is an accurate transcription of such a conversation.

"Authenticity and relevancy of the document must be shown. Attaching documents to a motion for summary judgment without the necessary affidavit is no more acceptable than standing up in open court and attempting to offer the same documents into evidence without a witness or a stipulation."

Niemeyer & Richards, *Maryland Rules Commentary* 252 (1984).

Thus, we hold that the recorded statement was not even properly before the court in its consideration of appellee's motion for summary judgment.

■ Finally, the Maryland summary judgment rules were taken from the federal rules of practice and procedure, so that interpretation of the federal rules are especially persuasive as to the meaning of the Maryland Rules. *Metropolitan Mortgage Fund, Inc. v. Basiliko,* 288 Md. 25, 27, 415 A.2d 582 (1980). Rule 56(c) permits the court to consid-

er any "admissions on file." [6]  The admissions may be pursuant to Rule 36, "Requests for Admissions."  They also have occurred during oral argument on the motion, have been made in connection with one of the other discovery procedures and have emerged at the pretrial conference.  10A Wright & Miller, *Federal Practice and Procedure* at pages 53–54 (1983) (citations omitted).  To be considered by the court, the admission must be admissible in evidence.  Documents must be authenticated by and attached to an affidavit that meets the requirements of Federal Rule 56(e).[7]  Wright & Miller at pages 58–59.  In *United States v. Dibble*, 429 F.2d 598 (9th Cir.1970), the government attached a number of documents to an affidavit in support of their motion for summary judgment. · The court held that the documents were inadmissible because the affidavit did not establish that the affiant had personal knowledge of their content.  *Dibble*, 429 F.2d at 602.  None of the documents were authenticated, and all of them were hearsay.  The Court stated:

"The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery."

*Dibble*, 429 F.2d at 602.

In the case *sub judice*, appellee did not simply fail to file an adequate affidavit in connection with the purported conversation, appellee failed to file one altogether.  Thus,

---

6. Federal Rule 56(c) refers to "admissions" as "admissions on file." In Maryland, former Rule 610, likewise, referred to "admissions on file."  The summary judgment practice prescribed by Rule 2–501(e) is substantially the same as the practice under former Rule 610 and Federal Rule 56.  With one exception, not applicable here, decisional authority under both the former Maryland and current federal rules is applicable.  Niemeyer & Richards, *Maryland Rules Commentary*, 249–50 (1984).

7. Maryland Rule 2–501(c), "Form of Affidavit" is analogous to Federal Rule 56(e).

the document was not authenticated and not admissible. This omission cannot be cured simply by calling the statement an "admission."

JUDGMENT VACATED.

CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.