541 A.2d 996

**G.C. MURPHY CO., t/a Murphy's Mart**

v.

**Coy E. GREER, et ux.**

**No. 1295, Sept. Term, 1987.**

Court of Special Appeals
of Maryland.

June 6, 1988.

James E. Clapp (Shoemaker, Horman & Clapp, P.A., on the brief), Frederick, for appellant.

John Wheeler Glenn (Donald J. Arnold, O'Connor, Preston & Glenn, P.A., Baltimore, Edwin F. Nikirk, II and Nikirk, Nikirk & Nikirk, Frederick, on the brief), for appellees.

Argued before WILNER, BLOOM and KARWACKI, JJ.

KARWACKI, Judge.

On December 19, 1985, Coy Greer, a retired dairy farmer, tripped and fell over an empty plastic carton in one of the aisles of the Ames Department Store in Frederick. The carton had been left there by the store's employees. The fall fractured Mr. Greer's hip. In a negligence action filed in the Circuit Court for Frederick County against appellant G.C. Murphy Co., the owner of Ames Department Store, appellee Coy Greer sought damages for his injury and was joined by his wife, the other appellee, in a claim for loss of consortium.

At the conclusion of the presentation of appellees' case at a jury trial of the action, appellant moved for judgment, asserting that Mr. Greer's failure to observe and avoid the empty plastic carton constituted contributory negligence as a matter of law barring appellees' recovery. Judge Edward Dwyer, Jr. reserved a ruling on the motion. When the appellant renewed its motion at the close of all the evidence, Judge Dwyer again reserved his ruling. The jury returned a verdict in the amount of $36,000 in favor of Coy Greer and a verdict in the amount of $10,000 in favor of Coy and his wife for loss of consortium. Judgment was entered on those verdicts.

This appeal followed the court's denial of appellant's motion for judgment n.o.v. and is concerned solely with the

issue of whether Coy Greer was contributorially negligent as a matter of law.

The rule applicable to our review of the denial of a defendant's motion for judgment n.o.v. requires us to consider all of the evidence, as well as all natural and reasonable inferences deducible therefrom, in the light most favorable to the plaintiff. *I.O.A. Leasing Corp. v. Merle Thomas Corp.*, 260 Md. 243, 248–49, 272 A.2d 1 (1971); *Safeway Stores, Inc. v. Bolton*, 229 Md. 321, 326, 182 A.2d 828 (1962). A party is not entitled to judgment n.o.v. unless the facts and circumstances so considered are such as to permit of only one inference with regard to the issue presented. *Impala Platinum Ltd. v. Impala Sales*, 283 Md. 296, 327, 389 A.2d 887 (1978). We will therefore recount the facts in the light mandated by our scope of review.

On December 19, 1985, appellees, accompanied by their grandson, Mark Harrison, arrived at the Ames Department Store to purchase a kerosene heater. Earlier that morning, store employees had placed numerous plastic cartons containing merchandise in the aisles along the various display shelves in the store. During business hours, store employees replenished the shelves with items from the plastic cartons.

As they walked down the cosmetics aisle on their way to the kerosene heaters, Coy Greer followed approximately ten feet behind his wife and grandson, who were walking side by side. At the end of the aisle was a stack of cartons resting approximately one foot away from the edge of the display shelves. Next to this stack, in the middle of the aisle, was a single, empty carton. Both Mrs. Greer and her grandson stepped around the empty carton. Coy Greer, who was watching his wife and grandson, did not see the carton and tripped over it.

Coy Greer was seventy-five years of age at the time of the accident. He was blind in his right eye and wore

glasses, but he testified that the vision in his left eye as corrected was not impaired at the time of the accident.

Appellant asserts that Coy Greer was contributorially negligent as a matter of law because he tripped over an empty carton that was in plain view. Appellant argues that Mr. Greer was required at all times to observe the floor of the department store aisle upon which he walked and to avoid objects obstructing his safe passage. It concludes that Greer's failure to do so constituted negligence which contributed to his fall as a matter of law. We do not agree.

Contributory negligence involves a failure to take proper precautions for one's own safety. *Menish v. Polinger Co.*, 277 Md. 553, 558, 356 A.2d 533 (1976). It is defined as "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm." *Craig v. Greenbelt Consumer Services, Inc.*, 244 Md. 95, 97, 222 A.2d 836 (1966); *Diffendal v. Kash and Karry Service Corp.* 74 Md.App. 170, 173, 536 A.2d 1175 (1988). The question of whether a plaintiff was contributorially negligent or assumed the risk is ordinarily one that should be answered by the finder of fact, rather than the court. *Kasten Const. Co. v. Evans*, 260 Md. 536, 541, 273 A.2d 90 (1971); *Campbell v. Montgomery County Bd. of Education*, 73 Md.App. 54, 64, 533 A.2d 9 (1987).

Before a case may be taken from a jury on the ground of contributory negligence, the evidence must demonstrate a prominent and decisive act or omission of the plaintiff about which reasonable minds would not differ. *Menish v. Polinger Co., supra*, 277 Md. at 562, 356 A.2d 533, *quoting Reiser v. Abramson*, 264 Md. 372, 378, 286 A.2d 91 (1972). The prominent and decisive act or omission must reveal that the injured party was or should have been aware of a dangerous situation and failed to exercise ordinary care to protect himself. *Hooper v. Mougin*, 263 Md. 630, 634, 284 A.2d 236 (1971).

■ Mr. Greer's failure to observe the plastic carton was not such a prominent and decisive omission which reasonable minds would uniformly declare to be negligence. In the absence of strange or unusual surroundings, the question of whether a plaintiff, in the exercise of reasonable care for his or her own safety, should have been looking at the ground instead of keeping a general eye toward where he or she is going is ordinarily a question for the jury. *Menish v. Polinger Co.*, *supra*, 277 Md. at 568–69, 356 A.2d 533; *Snider v. Senneville*, 267 Md. 552, 557–58, 298 A.2d 175 (1973). Under normal conditions, store patrons are entitled to rely upon the presumption that the proprietor will see that the passageways provided for their use are unobstructed and reasonably safe. *Chalmers v. Great Atlantic & Pacific Tea Co.*, 172 Md. 552, 559, 192 A. 419 (1937). Maryland appellate Courts have therefore refused to hold a plaintiff contributorially negligent as a matter of law where the plaintiff fails to observe and trips over or slips on some substance obstructing the clear passage of a store aisle. *Chalmers v. Great Atlantic & Pacific Tea Co.*, *supra*, 172 Md. at 558–59, 192 A. 419 (carton containing canned goods); *Grzboski v. Bernheimer–Leader Stores*, 156 Md. 146, 149, 143 A. 706 (1928) (rubbish pile); *Diffendal v. Kash and Karry Service Corp.*, *supra*, 74 Md.App. at 174, 536 A.2d 1175 (a loading cart).

From the record in the case *sub judice* viewed in the light most favorable to the appellees, we think that it was reasonable for a jury to conclude that Mr. Greer's view of the carton in the cosmetics aisle was obstructed by his wife and grandson, who were walking side by side in front of him, until he came upon the carton. Whether Mr. Greer, by looking to see where his wife and grandson were going instead of looking at the floor, failed to exercise ordinary care to protect himself against dangers he should have anticipated was a question for the jury to resolve.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY THE APPELLANT.