**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1179**

KELLY BERTOLAZZI,

Plaintiff - Appellant,

v.

BALTIMORE HOTEL CORPORATION; PARK HOTELS & RESORTS, INC.,

Defendants - Appellees,

and

HILTON WORLDWIDE, INC.; OTIS ELEVATOR COMPANY; HILTON MANAGEMENT, LLC,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-02821-JFM)

Submitted: May 31, 2017                    Decided: June 14, 2017

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kelly Bertolazzi, Appellant Pro Se. Stephen Robert Robinson, LAW OFFICE OF JOSEPH M. JAGIELSKI, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly Bertolazzi appeals the district court's order granting summary judgment to the Baltimore Hotel Corp. and Park Hotels & Resorts, Inc. ("Defendants").[1] We vacate the district court's order and remand for further proceedings.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Because this case was brought under the district court's diversity jurisdiction, we must apply Maryland law as it was

---

[1] Bertolazzi's notice of appeal designated the district court's order denying her motion for reconsideration and did not designate the district court's summary judgment order, in contravention of Fed. R. App. P. 3(c)(1)(B). However, we liberally construe notices of appeal filed by pro se parties. *Clark v. Cartledge*, 829 F.3d 303, 305-06 (4th Cir. 2016). Thus, we conclude that Bertolazzi may challenge the district court's summary judgment order. *See Lolavar v. de Santibanes*, 430 F.3d 221, 224 (4th Cir. 2005).

determined, or as we predict it would be determined, by the highest court of Maryland. *Stahle v. CTS Corp.*, 817 F.3d 96, 100 (4th Cir. 2016).

Bertolazzi contends that the district court erred in granting summary judgment on her premises liability claim because the court failed to consider all of her evidence or did not consider the evidence in the light most favorable to her, the nonmoving party. We agree. In Maryland, "[s]torekeepers owe their invitees a duty of ordinary care to maintain their premises in a reasonably safe condition." *Giant Food, Inc. v. Mitchell*, 640 A.2d 1134, 1135 (Md. 1994); *see also Nalee, Inc. v. Jacobs*, 180 A.2d 677, 677, 679 (Md. 1962). However, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Mitchell*, 640 A.2d at 1135. Thus, the invitee bears the burden of establishing (1) that a dangerous condition existed and (2) that "the proprietor created the dangerous condition or had actual or constructive knowledge of its existence prior to the invitee's injury." *Maans v. Giant of Md., L.L.C.*, 871 A.2d 627, 631 (Md. Ct. Spec. App. 2005) (internal quotation marks omitted). "[T]he owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious, and present danger." *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 562 (D. Md. 2014).

As the district court correctly recognized, Maryland courts have not determined whether an inoperable escalator amounts to a dangerous condition as a matter of law. Courts have split on this issue. *Compare Kilgore v. Carson Pirie Holdings, Inc.*, 205 F. App'x 367, 375 (6th Cir. 2006), *with Ramos v. Sears/Kmart*, No. 08 Civ. 4969 (DF), 2010 WL 3911487, at *5 (S.D.N.Y. Sept. 13, 2010). We predict that the Maryland courts

4

would conclude on the facts of this case that the escalator constituted a dangerous condition. Moreover, we conclude that a reasonable jury could find that Bertolazzi established a premises liability claim. Bertolazzi introduced evidence that the Hilton knew about the inoperable escalator, that the escalator had not been cordoned off, that the Hilton had previously cordoned off a different inoperable escalator, that the Hilton's maintenance company recommended stationing an employee to warn guests of the inoperable escalator until it could be cordoned off, that an inoperable escalator is more dangerous than a regular staircase, and that she was not warned of the danger prior to stepping onto the escalator. *See Kilgore*, 205 F. App'x at 375; *see also Troxel v. Iguana Cantina, LLC*, 29 A.3d 1038, 1054 (Md. Ct. Spec. App. 2011) ("[I]n order for [a plaintiff] to prove causation in a premises liability context, [s]he . . . . must show that it was more likely than not that [the defendant's] conduct was a substantial factor in producing [her] injuries and that [her] injuries were a foreseeable result of [the defendant's] conduct.").

Bertolazzi further contends that the district court erred in concluding that she assumed any risk of injury. To establish the assumption of risk defense in Maryland, a defendant must show that "(1) the plaintiff had knowledge of the risk of the danger; (2) the plaintiff appreciated that risk; and (3) the plaintiff voluntarily confronted the risk of danger." *Thomas v. Panco Mgmt. of Md., LLC*, 31 A.3d 583, 588 (Md. 2011). "The question of whether the plaintiff had knowledge and appreciation of the particular risk at issue is ordinarily a question for the jury, unless the undisputed evidence and all permissible inferences therefrom *clearly* establish that the risk of danger was *fully* known

5

to and *understood* by the plaintiff." *Id.* (internal quotation marks omitted). "Thus, in order for a plaintiff to have assumed the risk of his or her injuries as a matter of law, [Maryland courts] require that a plaintiff must have known that the risk was actually present, not that he or she would, should, or could have known that the risk might well be present." *Id.* at 590 (internal quotation marks omitted).

Construing the evidence in her favor, as is required at summary judgment, a reasonable jury could conclude that Bertolazzi did not assume the risk of injury. Bertolazzi stated that she did not notice that the escalator was not working until she stepped onto the escalator and that no employees warned her that it was not working. *See id.* at 591 ("[C]ourts may only impute knowledge to the plaintiff, as a matter of law, when there is undisputed evidence of awareness, *e.g.*, physical interaction with or sensory perception of the dangerous condition . . . ."). Moreover, Bertolazzi stated that she was in the midst of a group of people, meaning that she could not disembark from the escalator. Additionally, Bertolazzi testified that she did not see any sign warning her that the escalator was not working.[2] *See id.* at 592 (noting that plaintiff "did not see any maintenance activity or salt on the walkway, [leading] just as easily to the inference that [she] did not have knowledge of the 'essentially invisible' ice").

---

[2] For these same reasons, we conclude that the Defendants failed to establish as a matter of law that Bertolazzi was contributorily negligent. *See Menish v. Polinger Co.*, 356 A.2d 233, 236 (Md. 1976); *Diffendal v. Kash & Karry Serv. Corp.*, 536 A.2d 1175, 1177 (Md. Ct. Spec. App. 1988).

Therefore, we vacate the district court's summary judgment order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*